**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GENA ALULIS and | : | **CIVIL ACTION** |
| PAUL ALULIS | : | |
| | : | **CASE NO.:** |
| v. | : | |
| | : | Jury Trial Demanded |
| THE CONTAINER STORE, INC. | : | |
| and | : | |
| BASE4 GROUP, INC. | : | |
| | : | |

**NOTICE OF REMOVAL**

Defendant BASE4 Ventures, LLC, formerly known as BASE4 Group, Inc., (hereinafter "BASE4") by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby respectfully files the Notice of Removal of this action, which is currently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, April Term 2019, Case No. 00616, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof, avers as follows:

**I.    Factual and Procedural History**

1.      On or about April 3, 2019, Plaintiffs Gena and Paul Alulis filed the instant lawsuit in the Philadelphia County Court of Common Pleas.  See Plaintiffs' Complaint, attached hereto as Exhibit "A."

2.      Generally speaking, Plaintiffs allege that Gena Alulis was shopping at The Container Store in King of Prussia, Pennsylvania, when a Magnetic KNIFEstrip fell on her foot, causing a fracture and other injuries.  See id. at ¶¶ 6-8, 11.

3.      Gena Alulis asserts causes of action for negligence, strict liability, and breach of warranty, and Paul Alulis is asserting a loss of consortium claim.  See generally Exhibit "A."

4.      The Complaint was served on BASE4 on May 17, 2019.  See Affidavit of Service, attached hereto as Exhibit "B."

5.      While this matter was pending in the Court of Common Pleas, BASE4 timely filed Preliminary Objections to the Complaint, asserting a lack of personal jurisdiction.  See Preliminary Objections, attached hereto as Exhibit "C."

6.      BASE4 anticipates reiterating its objection to personal jurisdiction before this Court.

**II.    Diversity of Citizenship exists among the parties.**

7.      Pursuant to 28 U.S.C. § 1441(b), a defendant may remove a case from state court to federal court based on diversity jurisdiction, and pursuant to § 1332(a)(2), a federal district court may exercise diversity jurisdiction where the parties are citizens of different states, and the amount in controversy exceeds $75,000.

8.      Diversity of citizenship exists in this case because, as will be set forth below, Plaintiffs are citizens of Pennsylvania and Defendants are citizens of Texas.

9.      Plaintiffs Gena and Paul Alulis are individuals with a stated residence in Philadelphia, PA.  Plaintiffs are citizens of Pennsylvania.  See Exhibit "A" at ¶¶ 1-2.

10.     Upon information and belief, The Container Store, Inc. is a corporation formed and existing under the laws of the State of Texas, with its principal place of business in Texas.  See Answer of The Container Store to Plaintiffs' Complaint, attached hereto as Exhibit "D," at ¶ 3; State of Texas Franchise Tax Account Status for The Container Store, Inc., attached hereto as Exhibit "E"; see also 28 U.S.C. § 1332(c)(1) (defining citizenship of a corporation).

11.     Defendant BASE4 Group, Inc. was a corporation formed and existing under the laws of the State of Delaware, with its principal place of business in Texas.  See Exhibit "A" at ¶

4[1]; see also State of Texas Franchise Tax Account Status for BASE4 Group, Inc., attached hereto as Exhibit "F."

12.     BASE4 Group, Inc. is now known as BASE4 Ventures, LLC.  See Affidavit of Johnathan Filipski, attached hereto as Exhibit "G," at ¶ 2.

13.     BASE4 Ventures, LLC ("BASE4") is a limited liability company that was formed in the State of Texas, and that has its principal place of business in Addison, Texas.  See id. at ¶¶ 4-5.

14.     However, the citizenship of a limited liability company, such as BASE4, is determined by the citizenship of each of its members.  See Johnson v. Smithkline Beecham Corp., 724 F.3d 337, 347-48 (3d. Cir. 2013); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

15.     Where an LLC has, as one of its members, another LLC, "the citizenship of unincorporated associates must be traced through however many layers of partners or members there may be" to determine the citizenship of the LLC.  Zambelli, 592 F.3d at 420.

16.     While the membership structure of BASE4 is a bit complex, consisting of several layers of LLCs, it culminates in three individuals, all of whom are citizens of Texas.

17.     BASE4 Ventures, LLC has a single member:  AXE Holdings, LLC.

18.     AXE Holdings, LLC in turn has three members:  JBF Holdings, LLC, MWPP, LLC, and Silvertip Ventures, LLC.

19.     JBF Holdings, LLC has a single member:  Jonathan B. Filipski, an individual and a citizen of the State of Texas.

---

[1] Plaintiffs allege that BASE4 Group, Inc. has its principal place of business in Dallas, Texas, which was true until 2007.  See Exhibit "A" at ¶ 4.  Beginning in 2007, BASE4 Group, Inc.'s principal place of business was in Carrollton, Texas.  It is undisputed, however, that BASE4 Group, Inc. had its principal place of business in Texas, and not in Pennsylvania.

20.     MWPP, LLC has a single member:  Mark Parker, an individual and a citizen of the State of Texas.

21.     Silvertip Ventures, LLC has a single member:  BD Capital Management, LLC.

22.     BD Capital Management, LLC has a single member: Brad Berkley, an individual and a citizen of the State of Texas.

23.     Therefore, for jurisdictional purposes, BASE4 Ventures, LLC is a citizen of Texas, and not of Pennsylvania.

24.     Because Plaintiffs are citizens of Pennsylvania, and Defendants are citizens of Texas, diversity of citizenship exists in this case.

**III.     The Amount in Controversy requirement is met.**

25.     BASE4 believes that the amount in controversy, exclusive of interest and costs, is in excess of the jurisdictional minimum of $75,000.  See 28 U.S.C. § 1332; see also Dart Cherokee Basin Operating Co, LLC v. Owens, 574 U.S. ___, 135 S. Ct. 547, 553-54 (2014) (requiring a notice of removal to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and clarifying that jurisdictional discovery must be allowed if a good faith assertion is challenged).

26.     Plaintiffs' Complaint alleges that Plaintiff Gena Alulis has sustained a fracture of the distal phalanx of her left foot, left ankle tibialis, anterior tibial syndrome left leg, and a compensation injury to her right leg, knee and ankle.  See Exhibit "A" at ¶ 11.

27.     Plaintiffs allege that Mrs. Alulis's injuries are "severe" and "permanent."  See id.

28.     Indeed, Plaintiffs have presented records documenting medical treatment lasting over a year.

29.     Plaintiffs are also seeking to recover for past and future wage loss.  See id. at ¶ 13.

30.     While Mrs. Alulis's wage loss claim has not yet been quantified, her medical records identify her occupation as "CEO," suggesting that her wages may be higher than average.

31.     Plaintiffs' Complaint demands judgment in excess of $50,000, the jurisdictional threshold to remove the case from the Court of Common Pleas' arbitration program.  See Exhibit "A"; Phila. Civ. R. 1301.

32.     In a conversation among counsel, Plaintiffs' counsel would not stipulate that the amount in controversy was $75,000 or less.

33.     Based on the above-described facts, BASE4 in good faith believes that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  See Dart, supra; see also Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995) (amount in controversy requirement is satisfied unless it is clear "to a legal certainty" that the claim is really for less than the jurisdictional amount).

**IV.     BASE4 has complied with all procedural requirements for removal.**

34.     Because Plaintiffs and Defendants are citizens of different States, and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

35.     The filing of the instant Notice of Removal is timely as it is filed within thirty (30) days of service of the Complaint on BASE4.  See 28 U.S.C. § 1446(b)(1); see also Exhibit "B" (Complaint served on BASE4 on May 17, 2019).

36.     Co-Defendant The Container Store has consented to this removal.  See 28 U.S.C. § 1446(b)(2)(A); see also Correspondence from counsel for The Container Store, attached hereto as Exhibit "H."

37.     This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this case was initially brought in a state court within the geographical area of the Eastern District of Pennsylvania, and because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

38.     Written notice of the filing of this Notice of Removal has been given to all adverse parties in accordance with 28 U.S.C. § 1446(d), and is noted in the Certificate of Service attached hereto.

39.     Promptly after filing in this Court and the assignment of a Civil Action Number, a Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

40.     A copy of all pleadings, process, and Orders in this served upon BASE4 in the state court action are attached hereto.  These consist of the aforementioned Exhibits "A," "B," "C," and "D," as well as additional documents that are collectively attached hereto as Exhibit "I."

WHEREFORE, Defendant BASE4 Ventures, LLC hereby removes this action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
MICHAEL A. SALVATI
Attorney for Defendant
BASE4 Ventures, LLC,
formerly known as BASE4 Group, Inc.
2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-4552 (P) / 215-575-0586 (F)
masalvati@mdwcg.com

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing Notice of Removal was served

this date, via United States Mail, to the following persons:

Brad S. Rush
KOVLER & RUSH, P.C.
123 South Broad Street, Suite 2250
Philadelphia, PA  19109

James J. Green
Eric S. Gibbs
BARDSLEY BENEDICT + CHOLDEN, LLP
1600 Market Street, Suite 1310
Philadelphia, PA 19103

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _Janet M. Smith_

JANET M. SMITH
Administrative Assistant to
MICHAEL A. SALVATI
Attorney for Defendant
BASE4 Ventures, LLC,
formerly known as BASE4 Group, Inc.

**DATED:** _6/13/19_

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **APRIL 2019** | **000616** |
| E-Filing Number: 1904007739 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| GENA ALULIS | THE CONTAINER STORE, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2101 MARKET STREET, #39Q1 PHILADELPHIA PA 19103 | 500 FREEPORT PKWY #100 COPPELL TX 75019 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PAUL ALULIS | BASE4 GROUP, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2101 MARKET STREET, #39Q1 PHILADELPHIA PA 19103 | 14001 N. DALLAS PARKWAY SUITE 506 DALLAS TX 75240 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED PROPROTHY<br>APR 03 2019<br>M. BRYANT | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GENA ALULIS , PAUL ALULIS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| BRAD S. RUSH | 123 SOUTH BROAD STREET SUITE 2250 PHILADELPHIA PA 19109 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215) 735-5476 | (215) 735-9057 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 72896 | brad@kovlerrush.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| BRAD RUSH | Wednesday, April 03, 2019, 10:49 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID: 190400616

Filed and Attested by the
Office of Judicial Records
Filed and Attested by the
Office of Judicial Records
03 ... 10:32 am
am

THIS IS A NON-JURY MATTER
ASSESSMENT OF DAMAGES IS REQUIRED

KOVLER & RUSH, P.C.
BY:  BRAD S. RUSH, ESQUIRE                                           **Attorney for Plaintiffs**
Atty. ID NO.: 72896
123 South Broad Street, Suite 2250
Philadelphia, Pennsylvania 19109
(215)735-5476

| | | |
|---|---|---|
| GENA ALULIS and | : | COURT OF COMMON PLEAS |
| PAUL ALULIS | : | OF PHILADELPHIA COUNTY |
| 2101 Market Street, #3901 | : | CIVIL ACTION – LAW |
| Philadelphia, PA 19103 | : | |
| | : | |
| v. | : | |
| | : | |
| THE CONTAINER STORE, INC. | : | |
| 500 Freeport Pkwy #100 | : | |
| Coppell, TX 75019 | : | |
| and | : | |
| BASE4 GROUP, INC. | : | |
| 14001 N. Dallas Parkway, Suite 506 | : | |
| Dallas, TX 75240 | : | |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.<br><br>Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>1101 Market Street<br>Philadelphia, PA 19107<br>215-238-6333<br>TTY 215-451-6197 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comprencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidar a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llama por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.<br><br>Asociacion De Licenciados De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>1101 Market Street<br>Philadelphia, PA 19107<br>215-238-6333<br>TTY 215-451-6197 |

Case ID: 190400616

Case ID: 190400616

THIS IS A NON-JURY MATTER
ASSESSMENT OF DAMAGES IS REQUIRED

KOVLER & RUSH, P.C.
BY: BRAD S. RUSH, ESQUIRE          Attorney for Plaintiffs
Atty. ID NO.: 72896
123 South Broad Street, Suite 2250
Philadelphia, Pennsylvania 19109
(215)735-5476

| | |
|---|---|
| GENA ALULIS and : | COURT OF COMMON PLEAS |
| PAUL ALULIS : | OF PHILADELPHIA COUNTY |
| 2101 Market Street, #3901 : | CIVIL ACTION – LAW |
| Philadelphia, PA  19103 : | |
| v. : | |
| : | |
| THE CONTAINER STORE, INC. : | |
| 500 Freeport Pkwy #100 : | |
| Coppell, TX 75019 : | |
| and : | |
| BASE4 GROUP, INC. : | |
| 14001 N. Dallas Parkway, Suite 506 : | |
| Dallas, TX  75240 : | |

CIVIL ACTION COMPLAINT

COUNT I
GENA ALULIS v. THE CONTAINER STORE, INC.
(Negligence)

1.       Plaintiff, Gena Alulis, is an adult individual residing at the above-captioned

address and at all times relevant hereto, was the wife of Plaintiff, Paul Alulis.

2.       Plaintiff, Paul Alulis, is an adult individual residing at the above-captioned

address and at all times relevant hereto was the husband of Plaintiff, Gena Alulis.

3.       Defendant, The Container Store, Inc., is a corporation or other business entity

organized and existing under the laws of the Commonwealth of Pennsylvania with a principal

place of business located at the above captioned address.

4.       Defendant, Base4 Group, Inc., is a corporation or other business entity organized

and existing under the laws of the State of Texas with a principal place of business located at the

above captioned address.

Case ID: 190400616

Case ID: 190400616

5.    At all times relevant hereto, Defendants were in the business of manufacturing, selling, packaging and/or distributing magnetic knife racks and in particular the Bamboo Magnetic KNIFEstrip involved in this accident.

6.    At all times relevant hereto, Defendant, The Container Store, Inc., by their agents, servants, workmen or employees, acting in the scope of their authority, owned possessed and controlled the premises located at 650 W Dekalb Pike, King of Prussia, PA 19406.

7.    On or about July 5, 2017 at approximately 6:00 p.m., Plaintiff, Gena Alulis, while lawfully on Defendant's premises located 650 W Dekalb Pike, King of Prussia, PA 19406, was injured as a result of being struck on the foot by an Base4 Group, Inc. Bamboo Magnetic KNIFEstrip which was in a dangerous and defective condition to patrons on the premises, and which said Magnetic KNIFEstrip caused said accident which resulted in Plaintiff, Gena Alulis, to suffer severe and permanent personal injuries more fully described hereinafter.

8.    It was at the above time and place that the Plaintiff was shopping at the Container Store where the display containing knife racks are located. Plaintiff was examining the bamboo knife strip holder when the item slipped from the improperly sealed carton and struck plaintiff on her foot. Said item was not properly packaged and/or was not properly sealed and/or was not properly displayed.

9.    At the time and place aforementioned, Defendant, The Container Store, Inc., by their agents, servants, workmen or employees, acting in the scope of their authority, were negligent in:

   a)    creating a dangerous condition by improperly storing/displaying the Base4 Group, Inc. magnetic KNIFEstrip;

   b)    allowing a dangerous condition to remain by displaying the magnetic KNIFEstrip in improperly sealed packages;

c)   failing to warn of a dangerous condition of improperly packaged and
improperly storing and displaying the magnetic KNIFEstrips;

d)   failing to properly maintain the premises by improperly storing and
displaying the magnetic KNIFEstrips;

e)   failing to provide adequate precautions to warn patrons of improperly
stored and packaged magnetic KNIFEstrips;

f)   Maintaining premises in violation of the rights of Plaintiff as described
above;

g)   Failing to properly inspect the premises and locate improperly stored,
improperly packaged, and displayed items;

h)   Any and all acts of negligence which may be discovered pursuant to the
Pennsylvania Rules of Civil Procedure.

10.   In the alternative, the Defendant, The Container Store, Inc., by their agents,
servants, workmen or employees, acting in the course and scope of their authority, were in the
sole and exclusive possession, management, care, maintenance and control of the object causing
Plaintiffs' personal injuries, thereby having exclusive and superior knowledge of the cause of the
accident hereinabove alleged.

11.   Solely as a result of the negligence of the Defendant as aforesaid, Plaintiff, Gena
Alulis, suffered severe physical injuries including but not limited to a displaced fracture of distal
phalanx of toe left foot, left foot pain, left ankle tibialis, anterior tibial syndrome left leg,
compensation injury to right leg, knee and ankle, some or all of which may be permanent in
nature causing her great pain and suffering.

12.   As a result of Defendants, The Container Store, Inc. and Base4 Group, Inc.'s
conduct, individually and collectively hereinafter described, Plaintiff, Gena Alulis, has suffered
and incurred great pain and mental anguish and is making a claim for same.

Case ID: 190400616

Case ID: 190400616

13.    As a result of the Defendants, The Container Store, Inc. and Base4 Group, Inc.'s conduct as hereinafter described, Plaintiff, Gena Alulis, has incurred medical bills, past and future wage loss and makes a claim for same as well as other damages recoverable under law.

14.    As a result of the Defendants, The Container Store, Inc. and Base4 Group, Inc.'s conduct, there is a healthcare lien, Plaintiff, Gena Alulis and her subrogate, make a claim for same.

15.    Plaintiff, Gena Alulis, hereby claims all damages recoverable under law for the injuries and lien hereinafter described.

WHEREFORE, Plaintiff, Gena Alulis, demands judgment in her favor against Defendants, The Container Store, Inc. and Base4 Group, Inc., individually and collectively, in the amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest, cost of litigation and delayed damages.

### COUNT II
### GENA ALULIS v. and THE CONTAINER STORE, INC.
### AND BASE4 GROUP, INC.
#### (Strict Product Liability)

16.    Plaintiff hereby incorporating reference paragraphs 1-15 as though fully set forth herein at length.

17.    The accident of July 5, 2017 and the resulting personal injuries sustained by Plaintiff, Gena Alulis, were caused by the actions and/or inactions of Defendants, individually and collectively, therefore they are strictly liable as follows:

    a)    Designing, fabricating, manufacturing, distributing and/or selling the magnetic KNIFEstrip in an unreasonably dangerous condition;

    b)    Designing, fabricating, manufacturing, distributing and/or selling the magnetic KNIFEstrip without all necessary warnings, safety equipment and necessary safety elements;

c)   Designing, fabricating, manufacturing, distributing and/or selling
     the magnetic KNIFEstrip without proper packaging;

d)   Failing to adequately warn consumers including Plaintiff of the dangerous
     and defective conditions;

e)   Any and all acts of negligence which may be discovered pursuant to the
     Pennsylvania Rules of Civil Procedure.

18.   As a direct, proximate and foreseeable result of the Defendants improper acts and
omissions, Plaintiff suffered injuries hereinafter described.

WHEREFORE, Plaintiff, Gena Alulis, demands judgment in her favor against
Defendants, The Container Store, Inc. and Base4 Group, Inc., individually and collectively, in an
amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest, cost of litigation and
delayed damages.

**COUNT III**
**GENA ALULIS v. THE CONTAINER STORE, INC. and**
**BASE4 GROUP, INC.**
**(Breach of Warranty)**

19.   Plaintiff incorporates by reference the allegations contained in paragraphs 1-18 as
though each were fully set forth at length herein.

20.   Defendants, individually and collectively, expressly and impliedly warrant that
the magnetic KNIFEstrip was of merchantable quality, fit, safe and in proper condition for the
ordinary use for which it was designed and to be displayed and used.

21.   Plaintiff relied upon Defendants skill and judgment and the implied warranty of
merchantability as well as the express warranties made.

22.   The magnetic KNIFEstrip as designed, fabricated, manufactured, distributed
and/or sold was not of merchantable quality and was unfit, unsafe and unusable for the ordinary
purpose for which it was intended subjecting Plaintiff to great harm and danger.

23.     By reason of the foregoing, Gena Alulis suffered injuries and damages hereinafter described.

WHEREFORE, Plaintiff, Gena Alulis, demands judgment in her favor against Defendant, The Container Store, Inc. and Base4 Group, Inc., individually and collectively, in the amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest, cost of litigation and delayed damages.

**COUNT IV**
*GENA ALULIS V. THE CONTAINER STORE, INC. and*
**BASE4 GROUP, INC.**
**(Bodily Injury Damages)**

24.     Plaintiff incorporates by reference the allegations contained in paragraphs 1-23 as though each were fully set forth herein at length.

25.     Solely as a result of the negligence of the Defendant as aforesaid, Plaintiff, Gena Alulis, suffered severe physical injuries including but not limited to a displaced fracture of distal phalanx of toe left foot, left foot pain, left ankle tibialis, anterior tibial syndrome left leg, compensation injury to right leg, knee and ankle; some or all of which may be permanent in nature causing her great pain and suffering.

26.     As a result of Defendant, The Container Store, Inc. and Base4 Group, Inc.'s conduct, individually and collectively hereinafter described, Plaintiff, Gena Alulis, has suffered and incurred great pain and mental anguish and is making a claim for same.

27.     As a result of the Defendant, The Container Store, Inc. and Base4 Group, Inc., conduct as hereinafter described, Plaintiff, Gena Alulis, has incurred medical bills, past and future wage loss and makes a claim for same as well as other damages recoverable under law.

28.     As a result of the Defendant, The Container Store, Inc. and Base4 Group, Inc.'s conduct, there is a healthcare lien, Plaintiff, Gena Alulis and her subrogate, make a claim for same.

29.    Plaintiff, Gena Alulis, hereby claims all damages recoverable under law for the injuries and lien hereinafter described.

WHEREFORE, Plaintiff, Gena Alulis, demands judgment in her favor against Defendants, The Container Store, Inc. and Base4 Group, Inc., individually and collectively, in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest, cost of litigation and delayed damages.

COUNT V

**PAUL ALULIS v. THE CONTAINER STORE, INC. and BASE4 GROUP, INC.**
(Consortium Claim)

30.    Plaintiffs hereby incorporate by reference paragraphs 1 through 29 as though fully set forth herein at length.

31.    As a direct and proximate result of the aforementioned injuries suffered by his wife, plaintiff, Paul Alulis, suffered a loss of sex, society, services, companionship and consortium of his wife, all to his great detriment and loss.

WHEREFORE, Plaintiff, Paul Alulis, demands judgment against defendants, The Container Store, Inc. and Base4 Group, Inc., jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.


KOVLER & RUSH, P.C.

DATE: 4/8/19              BY: _____
                             BRAD S. RUSH
                             Attorney for Plaintiffs

## <u>VERIFICATION</u>

The undersigned, being duly sworn according to law, deposes and says that he is counsel for the party or parties indicated on the preceding pages as being represented by said counsel, that he has examined the pleading and the entire investigative file made on behalf of said party or parties, that he is taking this verification to assure compliance with the pertinent rules pertaining to timely filing of pleading and other documents described by said rules; and the facts set forth in the foregoing documents are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4940 relating to unsworn falsification to authorities.

KOVLER & RUSH, P.C.

Date: 4/8/19          BY: _____
                              BRAD S. RUSH
                              Attorney for Plaintiffs

Case ID: 190400616

Case ID: 190400616

KOVLER & RUSH, P.C.
BY:  BRAD S. RUSH, ESQUIRE                    Attorney for Plaintiffs
Atty. ID NO.: 72896
123 South Broad Street, Suite 2250
Philadelphia, Pennsylvania 19109
(215)735-5476

| | |
|---|---|
| GENA ALULIS and | : COURT OF COMMON PLEAS |
| PAUL ALULIS | : OF PHILADELPHIA COUNTY |
| 2101 Market Street, #3901 | : CIVIL ACTION – LAW |
| Philadelphia, PA  19103 | : |
| v. | : |
| | : |
| THE CONTAINER STORE, INC. | : |
| 500 Freeport Pkwy #100 | : |
| Coppell, TX 75019 | : |
| and | : |
| BASE4 GROUP, INC. | : |
| 14001 N. Dallas Parkway, Suite 506 | : |
| Dallas, TX 75240 | : |

## CERTIFICATE OF COMPLIANCE

I, Brad S. Rush, Esquire, attorney for Plaintiff, hereby certifies that this filing complies

with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania;

Case Records of the Appellate and Trial Courts that require filing confidential information and

documents differently than non-confidential information and documents.

KOVLER & RUSH, P.C.

Dated: 4/2/19               BY: _____
                                BRAD S. RUSH, ESQUIRE
                                Attorney for Plaintiffs

# EXHIBIT B

**KOVLER & RUSH, P.C.**
**BY: BRAD S. RUSH, ESQUIRE**                    **Attorney for Plaintiffs**
Atty. ID NO.: 72896
123 South Broad Street, Suite 2250
Philadelphia, Pennsylvania 19109
(215)735-5476

| | | |
|---|---|---|
| GENA ALULIS and | : | COURT OF COMMON PLEAS |
| PAUL ALULIS | : | OF PHILADELPHIA COUNTY |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | |
| THE CONTAINER STORE, INC. | : | |
| and | : | No.: 190400616 |
| BASE4 GROUP, INC. | : | |

### AFFIDAVIT OF SERVICE

     1.     I, the undersigned, Brad S. Rush, Esquire, am the attorney for the Plaintiff in the above-captioned matter.

     2.     On May 9, 2019, I mailed a true and correct copy of the Civil Action Complaint in this matter to Defendant, Base4 Group, Inc., at their last known address via regular U.S. mail as well as via certified, return receipt requested bearing article number 7014 3490 0000 7868 8621.

     3.     I am attaching a printout from USPS Tracking indicating that the Civil Action Complaint was delivered on **May 17, 2019**.

     I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment

                                      KOVLER & RUSH, P.C.

DATE: 5-2019          BY:

                                        BRAD S. RUSH
                                      Attorney for Plaintiffs

Sworn and Subscribed
before me this 22nd day
of May , 2019.

Notary Public

Commonwealth of Pennsylvania · Notary Seal
MELANY KREFT, Notary Public
Philadelphia County
My Commission Expires December 6, 2021
Commission Number 1280201

ALERT: PAYMENT TRANSACTIONS ON SOME APPLICATIONS WILL BE TEMPORARILY UNAVAI...

# USPS Tracking®

FAQs  >  (https://www.usps.com/faqs/uspstracking-faqs.htm)

Track Another Package  +

**Tracking Number:** 70143490000078688621

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 12:22 pm on May 17, 2019 in ADDISON, TX 75001.

## ✅ Delivered

May 17, 2019 at 12:22 pm
Delivered, Front Desk/Reception/Mail Room
ADDISON, TX 75001

Get Updates ⌄

Feedback

---

**Text & Email Updates**          ⌄

---

**Tracking History**          ⌃

May 17, 2019, 12:22 pm
Delivered, Front Desk/Reception/Mail Room
ADDISON, TX 75001
Your item was delivered to the front desk, reception area, or mail room at 12:22 pm on May 17, 2019 in
ADDISON, TX 75001.

---

**Product Information**          ⌄

---

See Less ⌃

# EXHIBIT C

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET
### RESPONSE DATE

**FOR COURT USE ONLY**

ASSIGNED TO JUDGE: _____ ANSWER/RESPONSE DATE:

OFFICE OF JUDICIAL RECORDS

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

| CONTROL NUMBER: |
| --- |
| 065048 |

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

APRIL _____ Term, 2019
       *Month*            *Year*
No. 616

GENA ALULIS AND PAUL ALULIS

VS.

THE CONTAINER STORE, INC. AND BASE4 GROUP, INC.

Name of Filing Party:

BASE4 Ventures, LLC (f/k/a BASE4 Group, Inc.)

*(Check one)* ☐ Plaintiff ☑ Defendant
*(Check one)* ☑ Movant ☐ Respondent

**INDICATE NATURE OF DOCUMENT FILED:**

☐ Petition *(Attach Rule to Show Cause)* ☑ Motion
☐ Answer to Petition ☐ Response to Motion

Has another petition/motion been decided in this case? ☐ Yes ☑ No
Is another petition/motion pending? ☐ Yes ☑ No
*If the answer to either question is yes, you must identify the judge(s):*

TYPE OF PETITION/MOTION *(see list on reverse side)*

## Motion to Determine Preliminary Objections to Plaintiffs' Complaint

PETITION/MOTION CODE
*(see list on reverse side)*

**DPROB**

ANSWER/RESPONSE FILED TO *(Please insert the title of the corresponding petition/motion to which you are responding):*

| I. CASE PROGRAM | II. PARTIES *(required for proof of service)* |
| --- | --- |
| Is this case in the *(answer all questions)*: | (Name, address and *telephone number* of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.) |
| **A. COMMERCE PROGRAM** | |
| Name of Judicial Team Leader: _____ | **SEE COUNSEL LIST ATTACHED.** |
| Applicable Petition/Motion Deadline: _____ | |
| Has deadline been previously extended by the Court? ☐ Yes ☐ No | |
| **B. DAY FORWARD/MAJOR JURY PROGRAM** — Year _____ | |
| Name of Judicial Team Leader: _____ | |
| Applicable Petition/Motion Deadline: _____ | |
| Has deadline been previously extended by the Court? ☐ Yes ☐ No | |
| **C. NON JURY PROGRAM** | |
| Date Listed: _____ | |
| **D. ARBITRATION PROGRAM** | |
| Arbitration Date: _____ | |
| **E. ARBITRATION APPEAL PROGRAM** | |
| Date Listed: _____ | |
| **F. OTHER PROGRAM:** _____ | |
| Date Listed: _____ | |
| III. OTHER | |

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

| _(signature)_ | 6/6/19 | Michael A. Salvati | 311682 |
| --- | --- | --- | --- |
| *(Attorney Signature/Unrepresented Party)* | *(Date)* | *(Print Name)* | *(Attorney I.D. No.)* |

The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.
No extension of the Answer/Response Date will be granted even if the parties so stipulate.

80-1081B

## COUNSEL LIST

Brad S. Rush, Esquire
Kovler & Rush, P.C.
123 South Broad Street
Suite 2250
Philadelphia, PA 19109
215-735-5476
*Attorney for Plaintiff*

Michael A. Salvati, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-4552
*Attorney for Defendant, BASE4 Ventures, LLC
(f/k/a BASE4 Group, Inc.)*

James J. Green, Esquire
Eric S. Gibbs, Esquire
Bardsley, Benedict & Cholden, LLP
1600 Market Street
Suite 1310
Philadelphia, PA 19103
215-977-4133
*Attorneys for Defendant, The Container Store, Inc.*

| | | |
|---|---|---|
| GENA ALULIS and<br>PAUL ALULIS | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br>**CIVIL ACTION – LAW** |
| v. | : | APRIL TERM, 2019 |
| THE CONTAINER STORE, INC. and<br>BASE4 GROUP, INC. | : | NO. 616 |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of

the Preliminary Objections of Defendant BASE4 Ventures, LLC (formerly known as BASE4

Group, Inc.) to Plaintiffs' Complaint, and any response thereto, it is hereby **ORDERED** and

**DECREED** that said Preliminary Objections are **SUSTAINED.**

IT IS FURTHER ORDERED that all claims and cross-claims against BASE4 Ventures,

LLC (formerly known as BASE4 Group, Inc.) are hereby **DISMISSED** due to this Court's lack

of personal jurisdiction over said Defendant.

**BY THE COURT:**

_____ , J.

TO:   <u>Plaintiffs</u>
You are hereby notified to plead to the enclosed
Preliminary Objections within twenty (20) days
from the date of service hereof or a default
judgment may be entered against you.

MICHAEL A. SALVATI
Attorney for Defendant,
BASE4 Ventures, LLC.
Formerly known as BASE4 Group, Inc.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**
BY:  MICHAEL A. SALVATI, ESQUIRE
Attorney ID. No. 311682
2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-4552 (P)
215-575-0856 (F)
masalvati@mdwcg.com

Attorney for Defendant
BASE4 Ventures, LLC,
formerly known as BASE4 Group, Inc.

| | | |
|---|---|---|
| GENA ALULIS and<br>PAUL ALULIS | : | **COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL ACTION – LAW** |
| v. | : | APRIL TERM, 2019 |
| THE CONTAINER STORE, INC. and<br>BASE4 GROUP, INC. | : | NO. 616 |

**PRELIMINARY OBJECTIONS
OF DEFENDANT BASE4 VENTURES, LLC
FORMERLY KNOWN AS BASE4 GROUP, INC.
TO PLAINTIFFS' COMPLAINT**

BASE4 Ventures, LLC (formerly known as BASE4 Group, Inc.) (hereinafter referred to

as "BASE4"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin,

hereby preliminarily objects to Plaintiffs' Complaint for lack of personal jurisdiction.

BASE4 is a Texas company that sold a product to The Container Store, another Texas

company. The product was shipped from BASE4 in Texas to The Container Store in Texas.

Because BASE4's conduct occurred entirely within the Lone Star State, the courts of

Pennsylvania lack personal jurisdiction to hear Plaintiffs' claims against BASE4 in this case,

1

In further support of its preliminary objections, BASE4 avers as follows:

## I.   Factual Background

1.   In this product liability action, Plaintiffs Gena and Paul Alulis allege that Mrs. Alulis was shopping at The Container Store in King of Prussia, Pennsylvania, when a Magnetic KNIFEstrip fell on her foot, breaking her toe and causing other injuries. See Plaintiffs' Complaint, a copy of which is attached hereto as Exhibit "A," at ¶¶ 6-8, 11.

2.   The Magnetic KNIFEstrip, depicted below, is a rectangular block of wood that contains embedded magnets to safely store kitchen cutlery:



3.   As against BASE4, Plaintiffs allege that the Magnetic KNIFEstrip was unreasonably dangerous, defective, and unmerchantable. See Exhibit "A" at Count II (asserting strict product liability and breach of warranty claims).

4.   BASE4 is a limited liability company formed and existing under the laws of the State of Texas. See Exhibit "A" at ¶ 4; see also Affidavit of Jonathan Filipski, attached hereto as Exhibit "B," at ¶ 4.

5.   BASE4 has its principal place of business in Addison, Texas. See Exhibit "B" at ¶ 5.[1]

---

[1] While Plaintiffs incorrectly allege that BASE4 has its principal place of business in Dallas, Texas, see Exhibit "A" at ¶ 4, it is undisputed that BASE4 does not have its principal place of business in Pennsylvania.

6.      Plaintiffs do not allege that any conduct or omission of BASE4 giving rise to this action occurred in Pennsylvania. See generally Exhibit "A"; see also Exhibit "B" at ¶¶ 10-14 (describing BASE4's interactions with the subject product, which did not occur in Pennsylvania).

7.      To the contrary, while BASE4 does sell and ship Magnetic KNIFEstrips to The Container Store, all such products are sold and shipped to The Container Store's distribution center in Coppell, Texas. See Exhibit "B" at ¶¶ 10-14.

8.      BASE4 is not registered to do business in Pennsylvania. See Exhibit "B" at ¶ 7.

9.      BASE4 has not consented to jurisdiction in the courts of this Commonwealth. See id. at ¶ 8.

## II.     Preliminary Objection – Motion to Dismiss for Lack of Personal Jurisdiction

10.     BASE4 incorporates by reference the averments of paragraphs 1 to 9 above, as though the same were set forth fully herein at length.

11.     The Rules of Civil Procedure provide that a party may file preliminary objections to a pleading on the basis of a lack of personal jurisdiction over that party. Pa. R.C.P. 1028(a)(1).

12.     This Court's assertion of personal jurisdiction over a defendant is governed by the Due Process Clause of the 14th Amendment to the U.S. Constitution. Goodyear Dunlop Tires Ops., S.A. v. Brown, 564 U.S. 915, 918–919 (2011) ("A state court's assertion of jurisdiction exposes defendants to the State's coercive power, and is therefore subject to review for compatibility with the Fourteenth Amendment's Due Process Clause.") (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); see also Walden v. Fiore, 571 U.S. 277, 283 (2014) ("The Due Process Clause of the Fourteenth Amendment constrains a State's authority to

3

bind a nonresident defendant to a judgment of its courts.") (citing World-Wide Volkswagen Corp. v. Woodson, 444 U. S. 286, 291 (1980)).

13.　The exercise of personal jurisdiction permitted by the Due Process Clause may be categorized as "general jurisdiction" or "specific jurisdiction," and depends on the nature and quality of the defendant's contacts with the forum state. See, e.g., Bristol-Myers Squibb Co. v. Superior Court, 137 S.Ct. 1773, 1779-80 (2017) (contrasting general and specific jurisdiction); City of Philadelphia v. Borough of Westville, 93 A.3d 530, 532-33 (Pa. Commw. 2014) (same).

14.　In this matter, the courts of Pennsylvania may not exercise general or specific jurisdiction over BASE4.

15.　"General" or "all purpose" jurisdiction permits a court to exercise jurisdiction over a defendant on any cause of action, whether or not that cause of action arose in the forum state. See Bristol-Myers Squibb Co. v. Superior Court, 137 S.Ct. 1773, 1779-80 (2017); City of Philadelphia v. Borough of Westville, 93 A.3d 530, 532-33 (Pa. Commw. 2014).

16.　For general jurisdiction to be appropriate, the defendant must be "at home" in the forum state.

17.　Although many earlier cases had focused on quantifying a defendant's business contacts with the proposed forum, the United States Supreme Court recently rejected the argument that a defendant company could be subject to general jurisdiction simply because it "engages in a substantial, continuous, and systematic course of business" in the forum state. See Daimler AG v. Bauman, 571 U.S. 117, 137-38 (2014) (holding that such a standard for general jurisdiction would be "unacceptably grasping").

18.　Rather, the general jurisdiction inquiry focuses on where a defendant is "fairly regarded as at home," i.e. the defendant's state of incorporation and the state where it maintains

4

its principal place of business. See id. at 138-39 ("Accordingly, the inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State,") (internal quotations omitted).

19.     Although the language of Daimler speaks in terms of corporations, its reasoning applies to LLCs as well. See Daimler, 571 U.S. at 139 (considering state of incorporation and principal place of business of both corporate defendant and LLC defendant for purposes of evaluating exercise of general jurisdiction); Finn v. Great Plains Lending, LLC, 2016 U.S. Dist. LEXIS 21558, *6-*7 & n.3 (E.D. Pa. 2016) (reasoning of Daimler applies "with equal force" to both corporations and LLC's); Ismail v. Volvo Group North America, LLC, 2017 Phila. Ct. Com. Pl. LEXIS 366, aff'd w/o op. 188 A.3d 494 (Pa. Super. 2018) (same).

20.     BASE4 is a Texas limited liability company with its principal place of business in Texas; it cannot fairly be said to be "at home" in Pennsylvania, and therefore it is not subject to general jurisdiction in this state. See Exhibit "B" at ¶¶ 4-5.

21.     Nor can this Court exercise specific jurisdiction over BASE4 in this matter.

22.     "Specific" or "case-linked" jurisdiction depends on an affiliation between the forum and the underlying controversy; in other words, the activity or occurrence that gives rise to the cause of action must take place in the forum state to be subject to the State's regulation. See Bristol-Myers Squibb, 137 S.Ct. at 1779-80; City of Philadelphia, 93 A.3d at 533.

23.     Although Plaintiffs apparently reside in Pennsylvania, that fact alone does not create jurisdiction over BASE4. See Walden, 571 U.S. at 285 ("But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must

5

form the necessary connection with the forum state that is the basis for its jurisdiction over him.").

24.     Rather, because Plaintiffs' cause of action does not arise from any conduct of BASE4 in or directed to Pennsylvania, the courts of Pennsylvania may not exercise specific jurisdiction over BASE4 in this case. See generally Exhibit "A"; see also Exhibit "B" at ¶¶ 10-14.

25.     Because the Court lacks personal jurisdiction over BASE4 in this matter, all claims against it must be dismissed.[2]

WHEREFORE, Defendant BASE4 Ventures, LLC respectfully requests that this Honorable Court sustain its Preliminary Objections and dismiss the claims against it, in accordance with the proposed Order attached hereto.

                                    MARSHALL DENNEHEY WARNER
                                    COLEMAN & GOGGIN


                        BY: _____
                                    MICHAEL A. SALVATI
                                    Attorney for Defendant,
                                    BASE4 Ventures, LLC,
                                    formerly known as BASE4 Group, Inc.

---

[2] Some courts in Pennsylvania have recognized implied consent as a third means of establishing personal jurisdiction over a corporate defendant. For example, a recent decision of the Superior Court, Webb-Benjamin, LLC v. Int'l Rug Grp., 192 A.3d 1133 (Pa. Super. 2018), suggests that when a company registers to do business in Pennsylvania, it implicitly consents to be sued in Pennsylvania for any cause of action that arises anywhere in the world. This issue is currently being considered by the Superior Court en banc in Murray v. American LaFrance, LLC, Case No. 2105 EDA 2016. However, because BASE4 is not registered to do business in Pennsylvania, see Exhibit "B" at ¶¶ 7-8, personal jurisdiction may not be established on the basis of consent.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY: MICHAEL A. SALVATI, ESQUIRE
Attorney ID. No. 311682
2000 Market Street, Suite 2300                    Attorney for Defendant
Philadelphia, PA 19103                            BASE4 Ventures, LLC,
215-575-4552 (P)                                  formerly known as BASE4 Group, Inc.
215-575-0856 (F)
masalvati@mdwcg.com

| | | |
|---|---|---|
| GENA ALULIS and | : | **COURT OF COMMON PLEAS** |
| PAUL ALULIS | : | **PHILADELPHIA COUNTY** |
| | : | **CIVIL ACTION – LAW** |
| v. | : | |
| | : | APRIL TERM, 2019 |
| THE CONTAINER STORE, INC. and | : | |
| BASE4 GROUP, INC. | : | NO. 616 |

## MEMORANDUM OF LAW IN SUPPORT OF THE
## PRELIMINARY OBJECTIONS
## OF DEFENDANT BASE4 VENTURES, LLC
## FORMERLY KNOWN AS BASE4 GROUP, INC.
## TO PLAINTIFFS' COMPLAINT

### I.    MATTER BEFORE THE COURT

Presently before the Court are the Preliminary Objections of BASE4 to Plaintiffs'

Complaint.

BASE4 is a Texas company that sold a product to The Container Store, another Texas

company. The product was shipped from BASE4 in Texas to The Container Store in Texas.

Because BASE4's conduct occurred entirely within the Lone Star State, the courts of

Pennsylvania lack personal jurisdiction to hear Plaintiffs' claims against BASE4 in this case.

### II.    STATEMENT OF QUESTIONS PRESENTED

(1)    Should Plaintiffs' claims against BASE4 be dismissed, where this Court lacks general
       personal jurisdiction over BASE4, because BASE4 is neither formed nor headquartered
       in Pennsylvania, and cannot otherwise be fairly regarded as "at home" here, in the
       manner the Supreme Court has defined that term?

1

(2)    Should Plaintiffs' claims against BASE4 be dismissed, where this Court lacks specific personal jurisdiction over BASE4 in this case, because Plaintiffs' causes of action do not arise out of any contact BASE4 has had with Pennsylvania, but rather involve an allegedly defective product that BASE4 sold and shipped from one Texas address to another?

*Suggested Answers (1-2):* **Yes. This court lacks both general and specific jurisdiction to hear Plaintiffs' claims against BASE4, and so the claims against BASE4 should be dismissed.**

## III.    STATEMENT OF FACTS

In this product liability action, Plaintiffs Gena and Paul Alulis allege that Mrs. Alulis was shopping at The Container Store in King of Prussia, Pennsylvania, when a Magnetic KNIFEstrip fell on her foot, breaking her toe and causing other injuries. See Plaintiffs' Complaint, a copy of which is attached hereto as Exhibit "A," at ¶¶ 6-8, 11.

The Magnetic KNIFEstrip, depicted below, is a rectangular block of wood that contains embedded magnets to safely store kitchen cutlery:



As against BASE4, Plaintiffs allege that the Magnetic KNIFEstrip was unreasonably dangerous, defective, and unmerchantable. See Exhibit "A" at Count II (asserting strict product liability and breach of warranty claims).

BASE4 is a limited liability company formed and existing under the laws of the State of Texas. See Exhibit "A" at ¶ 4; see also Affidavit of Jonathan Filipski, attached hereto as Exhibit

2

"B," at ¶ 4. BASE4 has its principal place of business in Addison, Texas. See Exhibit "B" at ¶ 5.[3]

Plaintiffs do not allege that any conduct or omission of BASE4 giving rise to this action occurred in Pennsylvania. See generally Exhibit "A"; see also Exhibit "B" at ¶¶ 10-14 (describing BASE4's interactions with the subject product, which did not occur in Pennsylvania). To the contrary, while BASE4 does sell and ship Magnetic KNIFEstrips to The Container Store, all such products are sold and shipped to The Container Store's distribution center in Coppell, Texas. See Exhibit "B" at ¶¶ 10-14.

BASE4 is not registered to do business in Pennsylvania. See Exhibit "B" at ¶ 7. BASE4 has not consented to jurisdiction in the courts of this Commonwealth. See id. at ¶ 8.

## IV.   ARGUMENT

### A.   Summary of Argument

This Court lacks personal jurisdiction over BASE4 in this matter. Under Daimler AG v. Bauman, general jurisdiction is only appropriate over a defendant company in the one or two states where it is "at home" – its state of incorporation and the location of its principal place of business. BASE4 is a Texas limited liability company with its headquarters in Texas. Under Walden v. Fiore, specific jurisdiction requires that the plaintiff's cause of action arise from the defendant's activity in the forum state. Here, BASE4 sold a product in Texas to a Texas customer, and shipped it to that customer in Texas. None of BASE4's conduct related to the product at issue took place in or was directed to Pennsylvania.

Because this Court lacks both general and specific personal jurisdiction over BASE4 in this matter, the claims against BASE4 must be dismissed.

---

[3] While Plaintiffs incorrectly allege that BASE4 has its principal place of business in Dallas, Texas, see Exhibit "A" at ¶ 4, it is undisputed that BASE4 does not have its principal place of business in Pennsylvania.

3

## B.    Standard of Review

The issue of lack of personal jurisdiction is properly raised by way of Preliminary Objection, Pa.R.C.P. 1028(a)(1). When a defendant properly objects, the plaintiff must bear the burden of proving that the Court has in personam jurisdiction. Crompton v. Park Ward Motors, Inc., 445 A.2d 137 (Pa. Super. 1982).

This Court's assertion of personal jurisdiction over a defendant is governed by the Due Process Clause of the 14th Amendment to the U.S. Constitution. Goodyear Dunlop Tires Ops., S.A. v. Brown, 564 U.S. 915, 918–919 (2011) ("A state court's assertion of jurisdiction exposes defendants to the State's coercive power, and is therefore subject to review for compatibility with the Fourteenth Amendment's Due Process Clause.") (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); see also Walden v. Fiore, 571 U.S. 277, 283 (2014) ("The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts.") (citing World-Wide Volkswagen Corp. v. Woodson, 444 U. S. 286, 291 (1980)).

The exercise of personal jurisdiction permitted by the Due Process Clause may be categorized as "general jurisdiction" or "specific jurisdiction," and depends on the nature and quality of the defendant's contacts with the forum state. See, e.g., Bristol-Myers Squibb Co. v. Superior Court, 137 S.Ct. 1773, 1779-80 (2017) (contrasting general and specific jurisdiction); City of Philadelphia v. Borough of Westville, 93 A.3d 530, 532-33 (Pa. Commw. 2014) (same).

In the past few years, the U.S. Supreme Court has issued a series of landmark rulings on jurisdiction: Daimler AG v. Bauman, 571 U.S. 117, 137-38 (2014) and BNSF Railway Co. v. Tyrrell, 137 S.Ct. 1549, 1559 (2017) for general jurisdiction; and Walden v. Fiore, supra, and Bristol-Myers Squibb, supra for specific jurisdiction. These cases, taken together, create a new

4

paradigm for thinking about jurisdiction, and place specific limits on the forums in which a suit may be brought against a defendant.  See, e.g., BNSF Railway, 137 S.Ct. at 1560 n.1 (Sotomayor, J., concurring in part and dissenting in part) (referring to Daimler as a "sea change" in jurisdictional analysis).

Accordingly, pre-Daimler cases and methods of analysis must be re-evaluated in light of the Supreme Court's recent holdings.

**C.      General personal jurisdiction**

"General" or "all purpose" jurisdiction permits a court to exercise jurisdiction over a defendant on any cause of action, whether or not that cause of action arose in the forum state. See Bristol-Myers Squibb, 137 S.Ct. at 1779-80; City of Philadelphia, 93 A.3d at 532-33.  For general jurisdiction to be appropriate, a defendant company must be "at home" in the forum state.

Although many earlier cases had focused on quantifying a defendant's business contacts with the proposed forum, in 2014 the United States Supreme Court rejected the argument that a defendant corporation could be subject to general jurisdiction simply because it "engages in a substantial, continuous, and systematic course of business" in the forum state.  See Daimler, 571 U.S. at 137-38 (holding that such a standard for general jurisdiction would be "unacceptably grasping").

As the Supreme Court explained in Daimler:

> Goodyear made clear that only a limited set of affiliations with a
> forum will render a defendant amenable to all-purpose jurisdiction
> there. 'For an individual, the paradigm forum for the exercise of
> general jurisdiction is the individual's domicile; for a corporation,
> it is an equivalent place, one in which the corporation is fairly
> regarded as at home.'  With respect to a corporation, the place of
> incorporation and principal place of business are 'paradig[m] . . .
> bases for general jurisdiction.'  Those affiliations have the virtue of
> being unique—that is, each ordinarily indicates only one place—as
> well as easily ascertainable. . . .

> Goodyear did not hold that a corporation may be subject to general
> jurisdiction only in a forum where it is incorporated or has its
> principal place of business; it simply typed those places paradigm
> all-purpose forums. Plaintiffs would have us look beyond the
> exemplar bases Goodyear identified, and approve the exercise of
> general jurisdiction in every State in which a corporation 'engages
> in a substantial, continuous, and systematic course of business.'
> That formulation, we hold, is unacceptably grasping.

Daimler, 571 at 137-38 (citations omitted).

Rather, the general jurisdiction inquiry focuses on where a corporation is "fairly regarded

as at home," i.e. the corporation's state of incorporation and the state where it maintains its

principal place of business. See id. at 138-39 ("Accordingly, the inquiry under Goodyear is not

whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous

and systematic,' it is whether that corporation's affiliations with the State are so continuous and

systematic as to render it essentially at home in the forum State.") (internal quotations omitted).

A corporation's principal place of business is its "nerve center," or headquarters, i.e., "the place

where the corporation's high level officers direct, control, and coordinate the corporation's

activities." Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010).

Although the language of Daimler spoke in terms of corporations, its reasoning applies to

limited liability companies as well. In Daimler itself, the Supreme Court was faced with two

defendants – a corporation and an LLC. In evaluating the exercise of general jurisdiction, the

Court subjected both defendants to the same analysis: "Here, neither Daimler [a corporation] nor

MBUSA [an LLC] is incorporated in California, nor does either entity have its principal place of

business there." Daimler, 134 S.Ct. at 761-62. Even though MBUSA was an LLC, the Court

looked to its place of incorporation and principal place of business to determine whether it was

essentially at home in California and thus subject to general jurisdiction there.

6

A Pennsylvania federal court relied on this equivalent treatment in Daimler and concluded that the reasoning of Daimler "applies with equal force" to both corporations and LLCs. Finn v. Great Plains Lending, LLC, 2016 U.S. Dist. LEXIS 21558, *7 n.3 (E.D. Pa. 2016). In Finn, the District Court found that the LLC defendant did not have its principal place of business or place of incorporation in Pennsylvania, and concluded that the Court could not exercise general jurisdiction over the LLC. See id. at *6-*7. Pennsylvania courts have relied on Finn for the same proposition. See Ismail v. Volvo Group North America, LLC, 2017 Phila. Ct. Com. Pl. LEXIS 366, aff'd w/o op. 188 A.3d 494 (Pa. Super. 2018)

The exercise of general jurisdiction is thus a simple analysis. BASE4 is a Texas limited liability company. Its principal place of business is its headquarters in Addison, Texas. Because Pennsylvania is neither the state of formation of BASE4, nor the site of its principal place of business, BASE4 is not "at home" in this Commonwealth. See Daimler, supra. Therefore, this Court may not exercise general jurisdiction over BASE4.

**D.    Specific personal jurisdiction**

Because general jurisdiction is not appropriate, we must next turn to specific jurisdiction. "Specific," or "case-linked" jurisdiction depends on an affiliation between the forum and the underlying controversy; in other words, the activity or occurrence that gives rise to the cause of action must take place in the forum state to be subject to the State's regulation. See Walden v. Fiore, 571 U.S. 277, 283 n.6 (2014); see also Bristol-Myers Squibb, 137 S.Ct. at 1780; City of Philadelphia, 93 A.3d at 532-33. The Pennsylvania Superior Court has described specific jurisdiction as follows:

> Specific jurisdiction . . . depends on an "affiliatio[n] between the forum and the underlying controversy," principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.' Because due process may permit

7

specific jurisdiction based solely on 'single or occasional' acts purposefully directed at the forum, it is narrow in scope, limiting a cause of action to the extent that it 'arises out of or relates to' the very activity that establishes jurisdiction.

Mendel, 53 A.3d at 817 (citing and quoting Goodyear, supra).

The Supreme Court has made clear that the fact that the plaintiff resides in the forum state is insufficient to create specific jurisdiction. See Walden, 571 U.S. at 285 ("But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum state that is the basis for its jurisdiction over him."); see also id. at 284-85 (holding that, for specific jurisdiction to arise, "our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there," and that "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State") (emphasis in original) (citation omitted).

In Walden, the Supreme Court declined to exercise specific jurisdiction over a Georgia-based DEA agent who had seized the gambling winnings of Nevada residents during a layover at an Atlanta airport. Id. at 279-80. Despite the fact that the defendant had harmed Nevada residents en route to Nevada, the Supreme Court unanimously found that the defendant lacked the necessary minimum contacts with Nevada necessary to give rise to specific personal jurisdiction. See id. at 288-89. As the Court explained, "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." Id. at 286 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)); see also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298 (1980) ("But the mere 'unilateral activity of those who claim some relationship with a nonresident defendant cannot

8

satisfy the requirement of contact with the forum State"). Because the defendant's case-related conduct occurred in Georgia, the Court held that he had formed no "jurisdictionally relevant contacts with Nevada." Walden, 571 U.S. at 289.

In this case, BASE4 has formed no "jurisdictionally relevant" contacts with Pennsylvania, nor does Plaintiffs' Complaint allege that any act or omission of BASE4 occurred in Pennsylvania. See Exhibit "A." BASE4, a Texas company, sold a product to a customer in Texas and shipped it to a Texas address. See Exhibit "B" at ¶¶ 10-14.

The allegation that Plaintiffs are residents of Pennsylvania is of no moment. They are nothing more than the "random, fortuitous, attenuated" contacts disregarded by the Supreme Court in Walden. Again, the specific jurisdiction analysis looks to the defendant's contacts with the forum State, not the plaintiffs. See Walden, 571 U.S. at 285-86. Because Plaintiffs' causes of action did not arise from BASE4's contacts with Pennsylvania, the Court lacks specific personal jurisdiction over BASE4. See id. at 291 ("Petitioner's relevant conduct occurred entirely in Georgia, and the mere fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction."); Daimler, 571 U.S. at 126 (quoting the seminal case of International Shoe to explain that specific jurisdiction only arises in a case "in which the in-state activities of the corporate defendant 'ha[d] not only been continuous and systematic, but also g[a]ve rise to the liabilities sued on.").

Nor does the fact that product ended up in Pennsylvania create specific jurisdiction. In the wake of the Supreme Court's decisions in Walden and Bristol-Myers Squibb, the stream-of-commerce theory is no longer a valid basis for personal jurisdiction:

> The stream-of-commerce theory contends, essentially, that specific
> personal jurisdiction exists over a non-resident defendant when
> that defendant "has injected its goods into the forum state
> indirectly via the so-called stream of commerce," rendering it

foreseeable that one of the defendant's goods could cause injury in the forum state.

A plurality of Supreme Court Justices has twice rejected the stream-of-commerce theory, stating, in a manner consistent with our own case law, that plaintiffs must instead rely on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Indeed, the Supreme Court has recently held that "[t]he bare fact that [a non-resident defendant] contracted with a [resident] distributor is not enough to establish personal jurisdiction in the State." We thus have no cause to revisit our Court's precedent on this issue, and we decline to adopt the [plaintiffs'] stream-of-commerce theory of specific personal jurisdiction.

Shuker v. Smith & Nephew, PLC, 885 F.3d 760, 780 (3d Cir. 2018) (internal citations omitted).

Again, the critical inquiry is whether the defendant's contacts with the forum state give rise to Plaintiffs' cause of action. See Walden, 571 U.S. at 284-85. In this case, where BASE4 sold a product in Texas to a Texas customer, there is simply is no such jurisdictional connection between BASE4 and Pennsylvania.

## V.   RELIEF REQUESTED

BASE4 is a Texas company that sold a product to The Container Store, another Texas company. The product was shipped from BASE4 in Texas to The Container Store in Texas. Because BASE4's conduct occurred entirely within the Lone Star State, the courts of Pennsylvania lack personal jurisdiction to hear Plaintiffs' claims against BASE4 in this case. The claims against BASE4 should be dismissed.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____

MICHAEL A. SALVATI
Attorney for Defendant,
BASE4 Ventures, LLC,
formerly known as BASE4 Group, Inc.

10

## VERIFICATION

Michael A. Salvati, attorney for defendant, BASE4 Ventures, LLC, verifies that the facts set forth in the Preliminary Objections of Defendant, BASE4 Ventures, LLC, to Plaintiffs' Complaint are true to the best of his knowledge, information and belief.  If the above statements are not true, the deponent is subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

BY: _____

MICHAEL A. SALVATI

DATED: 6/6/19

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _____

MICHAEL A. SALVATI
PA Attorney ID. 311682

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Preliminary Objections was

served upon all parties of record via e-mail and regular mail on the below-noted date.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

BY: _Janet M. Smith_
    JANET M. SMITH
    Administrative Assistant to
    MICHAEL A. SALVATI
    Attorney for Defendant
    BASE4 Ventures, LLC

**DATED:** 6/6/19

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2019**

E-Filing Number: 1904007739

**000616**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| GENA ALULIS | THE CONTAINER STORE, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2101 MARKET STREET, #3901<br>PHILADELPHIA PA 19103 | 500 FREEPORT PKWY #100<br>COPPELL TX 75019 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PAUL ALULIS | BASE4 GROUP, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2101 MARKET STREET, #3901<br>PHILADELPHIA PA 19103 | 14001 N. DALLAS PARKWAY SUITE 506<br>DALLAS TX 75240 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br><br>APR 03 2019<br><br>M. BRYANT | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GENA ALULIS , PAUL ALULIS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| BRAD S. RUSH | 123 SOUTH BROAD STREET<br>SUITE 2250<br>PHILADELPHIA PA 19109 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)735-5476 | (215)735-9057 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 72896 | brad@kovlerrush.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| BRAD RUSH | Wednesday, April 03, 2019, 10:49 am |

FINAL COPY (Approved by the Prothonotary Clerk)

Case ID: 190400616

THIS IS A NON-JURY MATTER
ASSESSMENT OF DAMAGES IS REQ...

*Filed and attested by the Office ... Records ...*

KOVLER & RUSH, P.C.
BY: BRAD S. RUSH, ESQUIRE          Attorney for Plaintiffs
Atty. ID NO.: 72896
123 South Broad Street, Suite 2250
Philadelphia, Pennsylvania 19109
(215)735-5476

| GENA ALULIS and | : | COURT OF COMMON PLEAS |
|---|---|---|
| PAUL ALULIS | : | OF PHILADELPHIA COUNTY |
| 2101 Market Street, #3901 | : | CIVIL ACTION – LAW |
| Philadelphia, PA 19103 | : | |
| v. | : | |
| THE CONTAINER STORE, INC. | : | |
| 500 Freeport Pkwy #100 | : | |
| Coppell, TX 75019 | : | |
| and | : | |
| BASE4 GROUP, INC. | : | |
| 14001 N. Dallas Parkway, Suite 506 | : | |
| Dallas, TX 75240 | : | |

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral
and Information Service
1101 Market Street
Philadelphia, PA 19107
215-238-6333
TTY 215-451-6197

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados De Filadelfia
Servicio De Referencia E
Informacion Legal
1101 Market Street
Philadelphia, PA 19107
215-238-6333
TTY 215-451-6197

Case ID: 190400616

Case ID: 190400616

THIS IS A NON-JURY MATTER
ASSESSMENT OF DAMAGES IS REQUIRED

KOVLER & RUSH, P.C.
BY: BRAD S. RUSH, ESQUIRE          Attorney for Plaintiffs
Atty. ID NO.: 72896
123 South Broad Street, Suite 2250
Philadelphia, Pennsylvania 19109
(215)735-5476

| | | |
|---|---|---|
| GENA ALULIS and | : | COURT OF COMMON PLEAS |
| PAUL ALULIS | : | OF PHILADELPHIA COUNTY |
| 2101 Market Street, #3901 | : | CIVIL ACTION—LAW |
| Philadelphia, PA 19103 | : | |
| v. | : | |
| | : | |
| THE CONTAINER STORE, INC. | : | |
| 500 Freeport Pkwy #100 | : | |
| Coppell, TX 75019 | : | |
| and | : | |
| BASE4 GROUP, INC. | : | |
| 14001 N. Dallas Parkway, Suite 506 | : | |
| Dallas, TX 75240 | : | |

## CIVIL ACTION COMPLAINT

### COUNT I
### GENA ALULIS v. THE CONTAINER STORE, INC.
### (Negligence)

1.    Plaintiff, Gena Alulis, is an adult individual residing at the above-captioned

address and at all times relevant hereto, was the wife of Plaintiff, Paul Alulis.

2.    Plaintiff, Paul Alulis, is an adult individual residing at the above-captioned

address and at all times relevant hereto was the husband of Plaintiff, Gena Alulis.

3.    Defendant, The Container Store, Inc., is a corporation or other business entity

organized and existing under the laws of the Commonwealth of Pennsylvania with a principal

place of business located at the above captioned address.

4.    Defendant, Base4 Group, Inc., is a corporation or other business entity organized

and existing under the laws of the State of Texas with a principal place of business located at the

above captioned address.

Case ID: 190400616

Case ID: 190400616

5. At all times relevant hereto, Defendants were in the business of manufacturing, selling, packaging and/or distributing magnetic knife racks and in particular the Bamboo Magnetic KNIFEstrip involved in this accident.

6. At all times relevant hereto, Defendant, The Container Store, Inc., by their agents, servants, workmen or employees, acting in the scope of their authority, owned possessed and controlled the premises located at 650 W Dekalb Pike, King of Prussia, PA 19406.

7. On or about July 5, 2017 at approximately 6:00 p.m., Plaintiff, Gena Alulis, while lawfully on Defendant's premises located 650 W Dekalb Pike, King of Prussia, PA 19406, was injured as a result of being struck on the foot by an Base4 Group, Inc. Bamboo Magnetic KNIFEstrip which was in a dangerous and defective condition to patrons on the premises, and which said Magnetic KNIFEstrip caused said accident which resulted in Plaintiff, Gena Alulis, to suffer severe and permanent personal injuries more fully described hereinafter.

8. It was at the above time and place that the Plaintiff was shopping at the Container Store where the display containing knife racks are located. Plaintiff was examining the bamboo knife strip holder when the item slipped from the improperly sealed carton and struck plaintiff on her foot. Said item was not properly packaged and/or was not properly sealed and/or was not properly displayed.

9. At the time and place aforementioned, Defendant, The Container Store, Inc., by their agents, servants, workmen or employees, acting in the scope of their authority, were negligent in:

    a) creating a dangerous condition by improperly storing/displaying the Base4 Group, Inc. magnetic KNIFEstrip;

    b) allowing a dangerous condition to remain by displaying the magnetic KNIFEstrip in improperly sealed packages;

c)    failing to warn of a dangerous condition of improperly packaged and improperly storing and displaying the magnetic KNIFEstrips;

d)    failing to properly maintain the premises by improperly storing and displaying the magnetic KNIFEstrips;

e)    failing to provide adequate precautions to warn patrons of improperly stored and packaged magnetic KNIFEstrips;

f)    Maintaining premises in violation of the rights of Plaintiff as described above;

g)    Failing to properly inspect the premises and locate improperly stored, improperly packaged, and displayed items;

h)    Any and all acts of negligence which may be discovered pursuant to the Pennsylvania Rules of Civil Procedure.

10.    In the alternative, the Defendant, The Container Store, Inc., by their agents, servants, workmen or employees, acting in the course and scope of their authority, were in the sole and exclusive possession, management, care, maintenance and control of the object causing Plaintiffs' personal injuries, thereby having exclusive and superior knowledge of the cause of the accident hereinabove alleged.

11.    Solely as a result of the negligence of the Defendant as aforesaid, Plaintiff, Gena Alulis, suffered severe physical injuries including but not limited to a displaced fracture of distal phalanx of toe left foot, left foot pain, left ankle tibialis, anterior tibial syndrome left leg, compensation injury to right leg, knee and ankle, some or all of which may be permanent in nature causing her great pain and suffering.

12.    As a result of Defendants, The Container Store, Inc. and Base4 Group, Inc.'s conduct, individually and collectively hereinafter described, Plaintiff, Gena Alulis, has suffered and incurred great pain and mental anguish and is making a claim for same.

Case ID: 190400616

Case ID: 190400616

13.    As a result of the Defendants, The Container Store, Inc. and Base4 Group, Inc.'s conduct as hereinafter described, Plaintiff, Gena Alulis, has incurred medical bills, past and future wage loss and makes a claim for same as well as other damages recoverable under law.

14.    As a result of the Defendants, The Container Store, Inc. and Base4 Group, Inc.'s conduct, there is a healthcare lien, Plaintiff, Gena Alulis and her subrogate, make a claim for same.

15.    Plaintiff, Gena Alulis, hereby claims all damages recoverable under law for the injuries and lien hereinafter described.

WHEREFORE, Plaintiff, Gena Alulis, demands judgment in her favor against Defendants, The Container Store, Inc. and Base4 Group, Inc., individually and collectively, in the amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest, cost of litigation and delayed damages.

### COUNT II
### GENA ALULIS v. and THE CONTAINER STORE, INC.
### AND BASE4 GROUP, INC.
(Strict Product Liability)

16.    Plaintiff hereby incorporating reference paragraphs 1-15 as though fully set forth herein at length.

17.    The accident of July 5, 2017 and the resulting personal injuries sustained by Plaintiff, Gena Alulis, were caused by the actions and/or inactions of Defendants, individually and collectively, therefore they are strictly liable as follows:

a)    Designing, fabricating, manufacturing, distributing and/or selling the magnetic KNIFEstrip in an unreasonably dangerous condition;

b)    Designing, fabricating, manufacturing, distributing and/or selling the magnetic KNIFEstrip without all necessary warnings, safety equipment and necessary safety elements;

Case ID: 190400616

Case ID: 190400616

c)   Designing, fabricating, manufacturing, distributing and/or selling

the magnetic KNIFEstrip without proper packaging;

d)   Failing to adequately warn consumers including Plaintiff of the dangerous

and defective conditions;

e)   Any and all acts of negligence which may be discovered pursuant to the

Pennsylvania Rules of Civil Procedure.

18.   As a direct, proximate and foreseeable result of the Defendants improper acts and

omissions, Plaintiff suffered injuries hereinafter described.

WHEREFORE, Plaintiff, Gena Alulis, demands judgment in her favor against

Defendants, The Container Store, Inc. and Base4 Group, Inc., individually and collectively, in an

amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest, cost of litigation and

delayed damages.

## COUNT III
### GENA ALULIS v. THE CONTAINER STORE, INC. and
### BASE4 GROUP, INC.
### (Breach of Warranty)

19.   Plaintiff incorporates by reference the allegations contained in paragraphs 1-18 as

though each were fully set forth at length herein.

20.   Defendants, individually and collectively, expressly and impliedly warrant that

the magnetic KNIFEstrip was of merchantable quality, fit, safe and in proper condition for the

ordinary use for which it was designed and to be displayed and used.

21.   Plaintiff relied upon Defendants skill and judgment and the implied warranty of

merchantability as well as the express warranties made.

22.   The magnetic KNIFEstrip as designed, fabricated, manufactured, distributed

and/or sold was not of merchantable quality and was unfit, unsafe and unusable for the ordinary

purpose for which it was intended subjecting Plaintiff to great harm and danger.

23.    By reason of the foregoing, Gena Alulis suffered injuries and damages hereinafter described.

WHEREFORE, Plaintiff, Gena Alulis, demands judgment in her favor against Defendant, The Container Store, Inc. and Base4 Group, Inc., individually and collectively, in the amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest, cost of litigation and delayed damages.

COUNT IV
GENA ALULIS V. THE CONTAINER STORE, INC. and
BASE4 GROUP, INC.
(Bodily Injury Damages)

24.    Plaintiff incorporates by reference the allegations contained in paragraphs 1-23 as though each were fully set forth herein at length.

25.    Solely as a result of the negligence of the Defendant as aforesaid, Plaintiff, Gena Alulis, suffered severe physical injuries including but not limited to a displaced fracture of distal phalanx of toe left foot, left foot pain, left ankle tibialis, anterior tibial syndrome left leg, compensation injury to right leg, knee and ankle; some or all of which may be permanent in nature causing her great pain and suffering.

26.    As a result of Defendant, The Container Store, Inc. and Base4 Group, Inc.'s conduct, individually and collectively hereinafter described, Plaintiff, Gena Alulis, has suffered and incurred great pain and mental anguish and is making a claim for same.

27.    As a result of the Defendant, The Container Store, Inc. and Base4 Group, Inc., conduct as hereinafter described, Plaintiff, Gena Alulis, has incurred medical bills, past and future wage loss and makes a claim for same as well as other damages recoverable under law.

28.    As a result of the Defendant, The Container Store, Inc. and Base4 Group, Inc.'s conduct, there is a healthcare lien, Plaintiff, Gena Alulis and her subrogate, make a claim for same.

Case ID: 190400616

Case ID: 190400616

29.   Plaintiff, Gena Alulis, hereby claims all damages recoverable under law for the injuries and lien hereinafter described.

WHEREFORE, Plaintiff, Gena Alulis, demands judgment in her favor against Defendants, The Container Store, Inc. and Base4 Group, Inc., individually and collectively, in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest, cost of litigation and delayed damages.

### COUNT V
### PAUL ALULIS v. THE CONTAINER STORE, INC, and BASE4 GROUP, INC.
### (Consortium Claim)

30.   Plaintiffs hereby incorporate by reference paragraphs 1 through 29 as though fully set forth herein at length.

31.   As a direct and proximate result of the aforementioned injuries suffered by his wife, plaintiff, Paul Alulis, suffered a loss of sex, society, services, companionship and consortium of his wife, all to his great detriment and loss.

WHEREFORE, Plaintiff, Paul Alulis, demands judgment against defendants, The Container Store, Inc. and Base4 Group, Inc., jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

KOVLER & RUSH, P.C.

DATE: 4/5/19                 BY:

BRAD S. RUSH
Attorney for Plaintiffs

Case ID: 190400616

Case ID: 190400616

## <u>V E R I F I C A T I O N</u>

The undersigned, being duly sworn according to law, deposes and says that he is counsel for the party or parties indicated on the preceding pages as being represented by said counsel, that he has examined the pleading and the entire investigative file made on behalf of said party or parties, that he is taking this verification to assure compliance with the pertinent rules pertaining to timely filing of pleading and other documents described by said rules; and the facts set forth in the foregoing documents are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4940 relating to unsworn falsification to authorities.

KOVLER & RUSH, P.C.

Date: 4/8/19

BY: _____

BRAD S. RUSH
Attorney for Plaintiffs

KOVLER & RUSH, P.C.
BY: BRAD S. RUSH, ESQUIRE          **Attorney for Plaintiffs**
Atty. ID NO.: 72896
123 South Broad Street, Suite 2250
Philadelphia, Pennsylvania 19109
(215)735-5476

| GENA ALULIS and | : | COURT OF COMMON PLEAS |
|---|---|---|
| PAUL ALULIS | : | OF PHILADELPHIA COUNTY |
| 2101 Market Street, #3901 | : | CIVIL ACTION – LAW |
| Philadelphia, PA 19103 | : | |
| v. | : | |
| | : | |
| THE CONTAINER STORE, INC. | : | |
| 500 Freeport Pkwy #100 | : | |
| Coppell, TX 75019 | : | |
| and | : | |
| BASE4 GROUP, INC. | : | |
| 14001 N. Dallas Parkway, Suite 506 | : | |
| Dallas, TX 75240 | : | |

## CERTIFICATE OF COMPLIANCE

I, Brad S. Rush, Esquire, attorney for Plaintiff, hereby certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

KOVLER & RUSH, P.C.

Dated: 4/3/19          BY:  _____
                            BRAD S. RUSH, ESQUIRE
                            Attorney for Plaintiffs

Case ID: 190400616
Case ID: 190400616

# EXHIBIT B

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
BY: MICHAEL A. SALVATI, ESQUIRE
Attorney ID. No. 311682
2000 Market Street, Suite 2300
Philadelphia, PA 19103
215-575-4552 (P)
215-575-0856 (F)
masalvati@mdwcg.com

Attorney for Defendant
BASE4 Ventures, LLC,
formerly known as BASE4 Group, Inc.

|  |  |  |
|---|---|---|
| GENA ALULIS and | : | COURT OF COMMON PLEAS |
| PAUL ALULIS | : | PHILADELPHIA COUNTY |
|  | : | CIVIL ACTION – LAW |
| v. | : |  |
|  | : | APRIL TERM, 2019 |
| THE CONTAINER STORE, INC. and | : |  |
| BASE4 GROUP, INC. | : | NO. 616 |

## AFFIDAVIT OF JONATHAN FILIPSKI

I, Jonathan Filipski, do hereby aver as follows:

1.  I am the Chief Operating Officer of BASE4 Ventures, LLC.

2.  BASE4 Ventures, LLC, was formerly known as BASE4 Group, Inc.

3.  I am familiar with the allegations made against BASE4 in the above-captioned matter.

4.  BASE4 Ventures, LLC was formed in the State of Texas.

5.  BASE4 Ventures, LLC has its principal place of business in Addison, Texas.

6.  BASE4 Ventures, LLC has no locations in Pennsylvania.

7.  BASE4 Ventures, LLC is not registered to do business in Pennsylvania.

8.  BASE4 Ventures, LLC does not consent to jurisdiction in Pennsylvania in this matter.

9.  I understand the allegations of Plaintiffs' Complaint to center on a bamboo Magnetic
    KNIFEstrip that Plaintiff Gena Alulis encountered in a retail establishment operated by
    The Container Store.

10. BASE4 Ventures, LLC sells and distributes bamboo Magnetic KNIFEstrips.

11.   BASE4 Ventures, LLC sells bamboo Magnetic KNIFEstrips to The Container Store.

12.   All shipments from BASE4 Ventures, LLC to the Container Store are made to The
      Container Store's distribution center in Coppell, Texas.

13.   BASE4 Ventures, LLC does not ship any products to The Container Store in
      Pennsylvania.

14.   Therefore, I can conclude that BASE4 Ventures, LLC did not ship the subject product
      into Pennsylvania.

The statements contained in this Affidavit are true and correct to the best of my knowledge,
information, and belief, and are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to
unsworn falsification to authorities.

Date:  6-5-2019                    By:  _Jonathan Filipski_
                                        JONATHAN FILIPSKI

# EXHIBIT D

TO ALL PARTIES:      *Filed and Attested by the*

YOU ARE HEREBY NOTIFIED TO PLEAD TO THE *Prothonotary*
ENCLOSED NEW MATTER AND CROSSCLAIMS WITHIN *08 APR 2019 04:13 pm*
TWENTY (20) DAYS FROM THE SERVICE HEREOF, OR A *M. RUSSO*
DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU.

/s/ *James J. Green, Esquire*
JAMES J. GREEN, ESQUIRE
ATTORNEY FOR DEFENDANT,
THE CONTAINER STORE, INC.

**BARDSLEY, BENEDICT + CHOLDEN, LLP**
By:  James J. Green, Esquire        Attorneys for Defendant,
Attorney ID:.  205594        The Container Store, Inc.
By:  Eric S. Gibbs, Esquire
Attorney ID:.  311142
1600 Market Street, Suite 1310
Philadelphia, PA  19103
Phone:  (215) 977-4133

| | |
|---|---|
| GENA ALULIS and PAUL ALULIS | :   COURT OF COMMON PLEAS |
| | :   PHILADELPHIA COUNTY, PA |
| vs. | : |
| | : |
| THE CONTAINER STORE, INC. and | :   No.: 190400616 |
| BASE4 GROUP, INC. | : |
| | : |
| | : |

### DEFENDANT, THE CONTAINER STORE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER ADDRESSED TO PLAINTIFFS, GENA ALULIS AND PAUL ALULIS, AND NEW MATTER CROSSCLAIMS PURSUANT TO PA. R.C.P. 1031.1 DIRECTED TO CO-DEFENDANT

Answering Defendant, The Container Store, Inc., by and through its undersigned counsel,

Bardsley, Benedict + Cholden, LLP, hereby submits the within Answer, New Matter and Cross-

Claims to Plaintiffs' Complaint, and in support thereof, avers as follows:

### COUNT I
### GENA ALULIS v. THE CONTAINER STORE, INC.
(Negligence)

1.     Denied.  The averments contained in this paragraph state conclusions of law to

which no answer is required.  By way of further answer, however, after reasonable investigation,

Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth

of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

2.      Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.

3.      Admitted in part and denied in part.  It is admitted that Answering Defendant, The Container Store, Inc.'s, principal place of business is located at 500 Freeport Pkwy., Coppell, Texas 75019.  The remainder of this averment is denied as a matter of law and fact.  Strict proof is demanded at the time of trial.

4.      This averment refers to Defendants other than Answering Defendant, and therefore, no answer is required.

5.      Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  It is specifically denied that Answering Defendant manufactured, sold, packaged or distributed the product identified in Plaintiff's Complaint.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of this averment as it relates to other Defendants and, therefore, denies same and demands strict proof thereof at trial.

6.      Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, all aspects of this averment concerning agents, servants, workmen and/or employees are specifically denied.  Since alleged agents, servants, workmen, and/or employees have not been identified with sufficient particularity, Answering Defendant, after reasonable investigation, is without knowledge or information

2

sufficient to form a belief as to the truth of this averment. Additionally, it is specifically denied that Answering Defendant owned, possessed, and/or controlled the premises at 650 W Dekalb Pike, King of Prussia, PA 19406.  Strict proof is demanded at the time of trial.

7.      Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.  Additionally, it is specifically denied that Answering Defendant was negligent in any manner.  On the contrary, Answering Defendant acted with all due and reasonable care, appropriate under the circumstances, at all times material hereto.

8.      Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. Additionally, it is specifically denied that Answering Defendant was negligent in any manner or that the product described in Plaintiff's Complaint was not properly packaged, not properly sealed and/or not properly displayed.

9.      Denied.  Each and every one of the averments and sub-averments of this paragraph are denied as wholly untrue and lack any foundation either in law or in fact.  It is specifically denied that Answering Defendant was negligent in any manner.  By way of further answer, all aspects of this averment concerning agents, servants, workmen and/or employees are specifically denied.  Since alleged agents, servants, workmen, and/or employees have not been identified with sufficient particularity, Answering Defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of this averment. It is also

3

denied that there was any allegedly, "dangerous" condition at the location at issue.  By way of

further response, the averments of Answering Defendant's New Matter to Plaintiff's Complaint

are incorporated herein and made a part hereof by this reference.  Additionally, some or all of the

averments contained herein constitute conclusions of law to which no response is required.  Strict

proof is demanded at time of trial.  Additionally, it is specifically denied that Answering

Defendant was negligent in any manner or that the product described in Plaintiff's Complaint was

not properly packaged, not properly sealed and/or not properly displayed.  Finally, the averments

contained in sub-paragraph (h) was stricken by stipulation, without prejudice, and is therefore

moot.

      10.    Denied.  The averments contained in this paragraph state conclusions of law to

which no answer is required.  By way of further answer, all aspects of this averment concerning

agents, servants, workmen and/or employees are specifically denied.  Since alleged agents,

servants, workmen, and/or employees have not been identified with sufficient particularity,

Answering Defendant, after reasonable investigation, is without knowledge or information

sufficient to form a belief as to the truth of this averment and demands strict proof thereof at trial.

      11.    Denied.  The averments contained in this paragraph state conclusions of law to

which no answer is required.  By way of further answer, however, after reasonable investigation,

Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth

of the remainder of the averments contained in this paragraph and, therefore, denies same and

demands strict proof thereof at trial.  Additionally, it is specifically denied that Answering

Defendant was negligent in any manner.  On the contrary, Answering Defendant acted with all

due and reasonable care, appropriate under the circumstances, at all times material hereto.

      12.    Denied.  The averments contained in this paragraph state conclusions of law to

which no answer is required.  By way of further answer, however, after reasonable investigation,

Case ID: 190400616

Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. Additionally, it is specifically denied that Answering Defendant was negligent in any manner. On the contrary, Answering Defendant acted with all due and reasonable care, appropriate under the circumstances, at all times material hereto. Finally, to the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

13.    Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. Additionally, it is specifically denied that Answering Defendant was negligent in any manner. On the contrary, Answering Defendant acted with all due and reasonable care, appropriate under the circumstances, at all times material hereto. Finally, to the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

14.    Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. Additionally, it is specifically denied that Answering Defendant was negligent in any manner. On the contrary, Answering Defendant acted with all

5

due and reasonable care, appropriate under the circumstances, at all times material hereto. Finally, to the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

15.     Denied. The averments contained in this paragraph state conclusions of law to which no answer is required. By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. Additionally, it is specifically denied that Answering Defendant was negligent in any manner. On the contrary, Answering Defendant acted with all due and reasonable care, appropriate under the circumstances, at all times material hereto. Finally, to the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

**WHEREFORE,** Answering Defendant, The Container Store, Inc., hereby demands that judgment be entered in its favor and against Plaintiffs and Co-Defendant with an award of attorney's fees and costs associated with the defense of this litigation.

## COUNT II
### GENA ALULIS v. and [sic] THE CONTAINER STORE, INC.
### AND BASE4 GROUP, INC.
### (Strict Products Liability)

16.     Answering Defendant hereby incorporates by reference the responses to paragraphs 1 through 15 and makes them a part hereof as though they were set forth at length herein.

Case ID: 190400616

17.     Denied. Each and every one of the averments and sub-averments of this paragraph are denied as wholly untrue and lack any foundation either in law or in fact.  It is specifically denied that Answering Defendant designed, fabricated, manufactured, distributed or sold the product described in Plaintiff's Complaint.  It is also denied that the product as described in Plaintiff's Complaint was in an unreasonably dangerous condition; was without all necessary warnings, safety equipment and necessary safety elements; was without proper packaging; or that Answering Defendant failed to adequately warn consumers.  By way of further response, the averments of Answering Defendant's New Matter to Plaintiff's Complaint are incorporated herein and made a part hereof by this reference.  Additionally, some or all of the averments contained herein constitute conclusions of law to which no response is required.  Strict proof is demanded at time of trial.  Further, the averments contained in sub-paragraph (e) was stricken by stipulation, without prejudice, and is therefore moot.  Finally, to the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

18.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.  Additionally, it is specifically denied that Answering Defendant acted improper or committed an omission.  On the contrary, Answering Defendant acted with all due and reasonable care, appropriate under the circumstances, at all times material hereto.  Finally, to the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

7

**WHEREFORE,** Answering Defendant, The Container Store, Inc., hereby demands that judgment be entered in its favor and against Plaintiffs and Co-Defendant with an award of attorney's fees and costs associated with the defense of this litigation.

**COUNT III**
**GENA ALULIS v.  THE CONTAINER STORE, INC.**
**and BASE4 GROUP, INC.**
**(Breach of Warranty)**

19.    Answering Defendant hereby incorporates by reference the responses to paragraphs 1 through 18 and makes them a part hereof as though they were set forth at length herein.

20.    Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Strict proof thereof is demanded at trial.  To the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

21.    Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.  To the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

22.    Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  Strict proof thereof is demanded at trial. To the extent this averment references parties other than Answering Defendant, these allegations are directed toward

Case ID: 190400616

individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

23.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial.  To the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

**WHEREFORE,** Answering Defendant, The Container Store, Inc., hereby demands that judgment be entered in its favor and against Plaintiffs and Co-Defendant with an award of attorney's fees and costs associated with the defense of this litigation.

## COUNT IV
### GENA ALULIS v.  THE CONTAINER STORE, INC.
### and BASE4 GROUP, INC.
### (Bodily Injury Damages)

24.     Answering Defendant hereby incorporates by reference the responses to paragraphs 1 through 23 and makes them a part hereof as though they were set forth at length herein.

25.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. To the extent this averment references parties other than

Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

26.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. To the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

27.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. To the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

28.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. To the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

Case ID: 190400616

29.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. To the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

**WHEREFORE,** Answering Defendant, The Container Store, Inc., hereby demands that judgment be entered in its favor and against Plaintiffs and Co-Defendant with an award of attorney's fees and costs associated with the defense of this litigation.

### COUNT V
### PAUL ALULIS v.  THE CONTAINER STORE, INC.  and BASE4 GROUP, INC.
### (Consortium Claim)

30.     Answering Defendant hereby incorporates by reference the responses to paragraphs 1 through 29 and makes them a part hereof as though they were set forth at length herein.

31.     Denied.  The averments contained in this paragraph state conclusions of law to which no answer is required.  By way of further answer, however, after reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in this paragraph and, therefore, denies same and demands strict proof thereof at trial. To the extent this averment references parties other than Answering Defendant, these allegations are directed toward individuals or entities other than Answering Defendant and therefore no response is made or intended to be made.

Case ID: 190400616

**WHEREFORE,** Answering Defendant, The Container Store, Inc., hereby demands that judgment be entered in its favor and against Plaintiffs and Co-Defendant with an award of attorney's fees and costs associated with the defense of this litigation.

## NEW MATTER ADDRESSED TO PLAINTIFFS, GENA ALULIS AND PAUL ALULIS

32.   Plaintiffs assumed the risk of all injuries which limits and/or bars all claims.

33.   Plaintiffs acted in a highly reckless manner which limits and/or bars all claims.

34.   Plaintiffs' claims are barred by the Comparative Negligence Statute.

35.   Plaintiffs' claim fails to state any cause of action against Answering Defendant upon which relief can be granted.

36.   Plaintiffs' claims are barred or restricted by the applicable Worker's Compensation Act.

37.   Plaintiffs' claims are barred because of an express or implied contract and/or release.

38.   Plaintiffs' claims are barred because of improper service of process.

39.   Plaintiffs' claims are barred because of the doctrine of superseding and/or intervening cause.

40.   Plaintiffs' claims are barred based upon her violation of the applicable Statute of Limitations.

41.   Plaintiffs' claims are barred as they failed to sue an indispensable party.

42.   Answering Defendant owed no duty of care to Plaintiffs.

43.   Answering Defendant breached no duty owed to Plaintiffs.

44.   Any alleged dangerous condition, the existence of which is denied, was open and obvious.

Case ID: 190400616

45.     Answering Defendant had no knowledge or notice, either actual or constructive, of any alleged defect or condition as described in Plaintiffs' Complaint, the existence of which is denied.

46.     Answering Defendant did not design, fabricate, manufacture, distribute and/or resell the product as described in Plaintiffs' Complaint.

47.     Answering Defendant did not design, fabricate, manufacture, distribute and/or resell the packaging for the product as described in Plaintiffs' Complaint.

48.     Answering Defendant did not alter, modify, change or otherwise vary the product and/or packaging of the product as described in Plaintiffs' Complaint which limits or bars Plaintiffs' claims.

49.     If the packaging was defective, which is expressly denied, then said defect was caused by a third party over whom Answering Defendant exercised no control.

50.     Third-parties, over whom Answering Defendant had no control, altered, modified, changed or otherwise varied the product and/or packaging of the product as described in Plaintiffs' Complaint.

51.     The product as described in Plaintiffs' Complaint was placed on the shelf and/or display in a safe condition and subsequent mishandling by third-parties, over whom Answering Defendant had no control, or other causes made it harmful before the incident as described in Plaintiffs' Complaint.

52.     Plaintiffs misused the product as described in Plaintiffs' Complaint.

53.     Plaintiff's alleged injuries, impairments, damages, expenses and/or losses, if any, are pre-existing in nature and were not proximately caused and/or aggravated by the alleged incident that is the subject matter of this Complaint.

Case ID: 190400616

54.     Plaintiff's alleged injuries, impairments, damages, expenses and/or losses, if any, were caused by a subsequent incident and were not proximately caused and/or aggravated by the alleged incident that is the subject matter of this Complaint.

55.     No omissions or conduct on the part of Answering Defendant contributed to Plaintiff's injuries, impairments, damages, expenses and/or losses, if any.

56.     Plaintiffs' alleged injuries, impairments, damages, expenses and/or losses, if any, were proximately caused in whole, or in part, by the bulk of third parties, including Plaintiffs, for whom Answering Defendant is not legally responsible.

57.     Plaintiff's alleged injuries, impairments, damages, expenses and/or losses, if any, were the result of an unavoidable accident or sudden emergency.

58.     At no relevant time did Answering Defendant act negligently or carelessly in disregard of the rights of the Plaintiffs or of any other person.

59.     No act or omission on the part of Answering Defendant was the sole or proximate cause of Plaintiffs' alleged injuries, impairments, damages, expenses and/or losses.

60.     Plaintiffs' claims for damages are excessive and unsupported and, therefore, must be barred or reduced.

61.     At all times relevant herein, the Answering Defendant acted in accordance with the applicable codes and state and federal laws.

62.     At all times relevant herein, any alleged conduct by the Answering Defendant was reasonable and within accepted trade practices and standards.

63.     Answering Defendant incorporates all applicable contracts or agreements and pleads the same as New Matter.

14

Case ID: 190400616

64.     Inasmuch as Pa.R.C.P. 1032 provides that if a party waives all defenses not presented by way of answer, Answering Defendant, upon advice of counsel, hereby asserts all of the affirmative defenses set forth in Pa.R.C.P. 1030(a).

65.     Pursuant to 1030(a) of the Pennsylvania Rules of Civil Procedure, Answering Defendant also raise the affirmative defenses of accord and satisfaction, arbitration and award, consent, discharge and bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver.

66.     Plaintiffs failed to mitigate their damages.

67.     All or part of Plaintiffs' claims for future healthcare and healthcare costs may be limited or barred by the Patient Protection and Affordable Care Act.

68.     Answering Defendant reserves the right to move for leave to amend this Answer to assert any and all defenses that may become available to her up to and including the time of trial.

**WHEREFORE,** Answering Defendant, The Container Store, Inc., hereby demands that judgment be entered in its favor and against Plaintiffs and Co-Defendant with an award of attorney's fees and costs associated with the defense of this litigation.

## NEW MATTER CROSS CLAIM OF DEFENDANT, THE CONTAINER STORE, INC., AGAINST DEFENDANT, BASE4 GREOUP, INC., PURSUANT TO PA.R.C.P. 1031.1

1.     Answering Defendant without admitting any of the allegations contained within Plaintiffs' Complaint, and solely for the purposes of asserting this Cross-Claim herein, hereby incorporates all of the allegations in the foregoing pleadings and all of the claims for damages against Answering Defendant, which purport to identify the alleged errors and omissions that the Plaintiffs claims were made by Answering Defendant, as if the same were set forth herein at length

15

repeats each and every one of its responses to the allegations contained in Plaintiffs' Complaint and all of its New Matter as if each were more fully set forth herein at length.

2.      Answering Defendant denies that it is liable to any party in this lawsuit for any amount of money under any theory of law or facts.

3.      If the averments of Plaintiffs' Complaint or certain portions of them are proven true and correct at the time of trial, Co-Defendant, Base4 Group, Inc., is solely liable for any and all alleged injuries suffered by the Plaintiffs as a result of the incident in question as it failed to properly design, fabricate, manufacture, distribute and/or sell the product as described in Plaintiffs' Complaint.

4.      If the averments of the Plaintiffs' Complaint or certain portions of them are proven true and correct at the time of trial, Plaintiffs' damages were caused by the carelessness, negligence or other culpable conduct of Co-Defendant as they failed to properly design, fabricate, manufacture, distribute and/or sell the product as described in Plaintiffs' Complaint.

5.      Co-Defendant is alone liable to Plaintiffs, liable with Answering Defendant, or liable over to Answering Defendant, on the cause of action declared upon Plaintiffs' Complaint. The existence of any liability on the part of Defendant, The Container Store, Inc., hereby being expressly denied.

Case ID: 190400616

**WHEREFORE,** Answering Defendant, The Container Store, Inc., hereby demands that judgment be entered in its favor and against Plaintiffs and Co-Defendant with an award of attorney's fees and costs associated with the defense of this litigation.

Respectfully Submitted:

**BARDSLEY, BENEDICT + CHOLDEN, LLP**

*/s/ James J. Green, Esquire*
James J. Green, Esquire
Attorney for Defendant,
The Container Store, Inc.

Date: 5/8/2019

17

## VERIFICATION

The undersigned, being duly sworn according to law, deposes and says that he is counsel for The Container Store, Inc., a Defendant in this matter, and makes this verification.  Counsel has examined the pleading(s) and the entire investigative file made on behalf of said party or parties, that he is taking this verification to assure compliance with the pertinent rules pertaining to timely filing of pleading and other documents described by said rules; and the facts set forth in the foregoing document are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

**BARDSLEY, BENEDICT + CHOLDEN, LLP**

Dated: 5/8/2019

By: */s/ James J. Green, Esquire*
James J. Green, Esquire
Attorney for Defendant,
The Container Store, Inc.

**BARDSLEY, BENEDICT + CHOLDEN, LLP**
By:  James J. Green, Esquire
Attorney ID:.  205594
By:  Eric S. Gibbs, Esquire
Attorney ID:.  311142
1600 Market Street, Suite 1310
Philadelphia, PA  19103
Phone:  (215) 977-4133

Attorneys for Defendant,
The Container Store, Inc.

| | |
|---|---|
| GENA ALULIS and PAUL ALULIS | : COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY, PA |
| vs. | : |
| | : |
| THE CONTAINER STORE, INC. and | : No.: 190400616 |
| BASE4 GROUP, INC. | : |
| | : |
| | : |

<u>**CERTIFICATE OF COMPLIANCE**</u>

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

**BARDSLEY, BENEDICT + CHOLDEN, LLP**

Dated: <u>5/8/2019</u>

By: *<u>/s/ James J. Green, Esquire</u>*
    James J. Green, Esquire
    Attorney for Defendant,
    The Container Store, Inc.

**BARDSLEY, BENEDICT + CHOLDEN, LLP**
By:  James J. Green, Esquire
Attorney ID:.  205594
By:  Eric S. Gibbs, Esquire
Attorney ID:.  311142
1600 Market Street, Suite 1310
Philadelphia, PA  19103
Phone:  (215) 977-4133

Attorneys for Defendant,
The Container Store, Inc.

| | | |
|---|---|---|
| GENA ALULIS and PAUL ALULIS | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PA |
| vs. | : | |
| | : | |
| THE CONTAINER STORE, INC. and | : | No.: 190400616 |
| BASE4 GROUP, INC. | : | |
| | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Laurence I. Gross, counsel for Defendant, The Container Store, Inc., certify that a true and correct copy of the Foregoing Answer of Defendant, The Container Store, Inc., to Plaintiffs' Complaint with New Matter and Cross-Claims was served upon all counsel of record by email generated by the Court's electronic filing system and to Co-Defendant via certified and regular mail to the address below .

Brad S. Rush, Esquire
Kovler & Rush, P.C.
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
*Attorneys for Plaintiffs*

Base4 Group, Inc.
c/o Bradley Berkley
14001 N. Dallas Parkway, Suite 506
Dallas, TX 75240
*Co-Defendant*

**BARDSLEY, BENEDICT + CHOLDEN, LLP**

Dated: 5/8/2019

By: */s/ James J. Green, Esquire*
   James J. Green, Esquire
   Attorney for Defendant,
   The Container Store, Inc.

# EXHIBIT E





# Franchise Tax Account Status

As of : 06/11/2019 07:45:23

**This Page is Not Sufficient for Filings with the Secretary of State**

| | |
|---|---|
| **THE CONTAINER STORE, INC.** | |
| **Texas Taxpayer Number** | 17515969818 |
| **Mailing Address** | 500 FREEPORT PKWY STE 100 COPPELL, TX 75019-3998 |
| **❷ Right to Transact Business in Texas** | ACTIVE |
| **State of Formation** | TX |
| **Effective SOS Registration Date** | 05/05/1978 |
| **Texas SOS File Number** | 0043435300 |
| **Registered Agent Name** | COGENCY GLOBAL INC. |
| **Registered Office Street Address** | 1601 ELM ST., SUITE 4360 DALLAS, TX 75201 |

# EXHIBIT F





## Franchise Tax Account Status

As of : 06/11/2019 08:07:20

**This Page is Not Sufficient for Filings with the Secretary of State**

| | |
|---|---|
| **BASE4 GROUP, INC.** | |
| **Texas Taxpayer Number** | 12046011271 |
| **Mailing Address** | 2611 WESTGROVE DR STE 109 CARROLLTON, TX 75006-3322 |
| **❷ Right to Transact Business in Texas** | ACTIVE |
| **State of Formation** | DE |
| **Effective SOS Registration Date** | 12/20/2006 |
| **Texas SOS File Number** | 0800749134 |
| **Registered Agent Name** | BRADLEY BERKLEY |
| **Registered Office Street Address** | 14001 N. DALLAS PARKWAY, SUITE 506 DALLAS, TX 75240 |

# EXHIBIT G

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:  MICHAEL A. SALVATI, ESQUIRE
Attorney ID. No. 311682
2000 Market Street, Suite 2300          Attorney for Defendant
Philadelphia, PA  19103                 BASE4 Ventures, LLC,
215-575-4552 (P)                        formerly known as BASE4 Group, Inc.
215-575-0856 (F)
masalvati@mdwcg.com

---

| | | |
|---|---|---|
| GENA ALULIS and | : | **COURT OF COMMON PLEAS** |
| PAUL ALULIS | : | **PHILADELPHIA COUNTY** |
| | : | **CIVIL ACTION – LAW** |
| v. | : | |
| | : | APRIL TERM, 2019 |
| THE CONTAINER STORE, INC. and | : | |
| BASE4 GROUP, INC. | : | NO. 616 |

## AFFIDAVIT OF JONATHAN FILIPSKI

I, Jonathan Filipski, do hereby aver as follows:

1.    I am the Chief Operating Officer of BASE4 Ventures, LLC.

2.    BASE4 Ventures, LLC, was formerly known as BASE4 Group, Inc.

3.    I am familiar with the allegations made against BASE4 in the above-captioned matter.

4.    BASE4 Ventures, LLC was formed in the State of Texas.

5.    BASE4 Ventures, LLC has its principal place of business in Addison, Texas.

6.    BASE4 Ventures, LLC has no locations in Pennsylvania.

7.    BASE4 Ventures, LLC is not registered to do business in Pennsylvania.

8.    BASE4 Ventures, LLC does not consent to jurisdiction in Pennsylvania in this matter.

9.    I understand the allegations of Plaintiffs' Complaint to center on a bamboo Magnetic
KNIFEstrip that Plaintiff Gena Alulis encountered in a retail establishment operated by
The Container Store.

10.   BASE4 Ventures, LLC sells and distributes bamboo Magnetic KNIFEstrips.

11.    BASE4 Ventures, LLC sells bamboo Magnetic KNIFEstrips to The Container Store.

12.    All shipments from BASE4 Ventures, LLC to the Container Store are made to The

Container Store's distribution center in Coppell, Texas.

13.    BASE4 Ventures, LLC does not ship any products to The Container Store in

Pennsylvania.

14.    Therefore, I can conclude that BASE4 Ventures, LLC did not ship the subject product

into Pennsylvania.

The statements contained in this Affidavit are true and correct to the best of my knowledge,

information, and belief, and are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to

unsworn falsification to authorities.


Date:  __6-5-2019__                 By:  __Jonathan Filipski__
                                              JONATHAN FILIPSKI

# EXHIBIT H

## Smith, Janet M.

| | |
|---|---|
| **From:** | Eric Gibbs <Egibbs@bbclawfirm.com> |
| **Sent:** | Friday, May 31, 2019 4:13 PM |
| **To:** | Salvati, Michael A. |
| **Cc:** | James Green; Kate Platania |
| **Subject:** | Gena Alulis and Paul Alulis v. The Container Store, Inc. et al Claim No. 003172-00519-PA-01 - 10072.10072-0003 |
| **Attachments:** | Notice of Removal, Civil Cover SHeet, Designation FOrm, Disclosure Statement and Case Management Track Designation Form.pdf; Alulis - Notice of Removal to Federal Court (Filed by CoD Interdesign) (Filed 3-21-19).pdf; Alulis - Exhibit A to CoD Notice of Removal to Federal Court.pdf |

Mr. Salvati,

It was a pleasure to speak with you.  Attached is a copy of the notice of removal filed in the previous action.  As discussed, we consent to removal.  Attached is a copy of the removal petition filed in the prior action.  Please let me know if you have any questions.

Thank you,


bbclawfirm.com

Eric S. Gibbs, Esquire
Bardsley, Benedict + Cholden, LLP
1000 Crawford Place, Suite 160
Mt Laurel, NJ 08054
P: 267.699.3859
F: 267.699.3833

This e-mail contains information that may be confidential and/or privileged and is intended only for the use of the owner of the email address listed as the recipient of this message.  If you are not the intended recipient you may not copy, disclose or use any contents in this email.  If you have received this email in error, please notify the sender by return email; and by telephone at 215.977.4133

# EXHIBIT I

**KOVLER & RUSH, P.C.**
**BY: BRAD S. RUSH, ESQUIRE**
Atty. ID NO.: 72896
123 South Broad Street, Suite 2250
Philadelphia, Pennsylvania 19109
(215)735-5476

**Attorney for Plaintiffs**

Filed and Attested by the
Office of Judicial Records
15 APR 2019 01:51 pm
G. IMPERATO

| | | |
|---|---|---|
| GENA ALULIS and | : | **COURT OF COMMON PLEAS** |
| PAUL ALULIS | : | **OF PHILADELPHIA COUNTY** |
| | : | **CIVIL ACTION – LAW** |
| v. | : | |
| | : | |
| THE CONTAINER STORE, INC. | : | |
| and | : | **No.: 190400616** |
| BASE4 GROUP, INC. | : | |

### AFFIDAVIT OF SERVICE

1.   I, the undersigned, Brad S. Rush, Esquire, am the attorney for the Plaintiff in the above-captioned matter.

2.   I mailed a true and correct copy of the Civil Action Complaint in this matter to Defendant, The Container Store, Inc., at their last known address via regular U.S. mail as well as via certified, return receipt requested bearing article number 7014 3490 0000 7868 7792.

3.   Thereafter, I received a return receipt card bearing the same article number signed by a representative, agent and/or employee of Defendant on **April 9, 2019**.  The aforesaid return receipt card is attached hereto.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment

KOVLER & RUSH, P.C.

DATE: 4-15-19

BY: _____

BRAD S. RUSH
Attorney for Plaintiffs

Sworn and Subscribed
before me this 15th day
of April , 2019.

_____
Notary Public

Commonwealth of Penn    ania · Notary Seal
MELANY KREFT, Notary Public
Philadelphia County
My Commission Expires December 6, 2021
Commission Number 1300391



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Container Store, Inc.
500 Freeport Pkwy #100
Coppell, TX  75019

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)   7014 3490 0000 7868 7792

PS Form 3811, July 2013.    Domestic Return Receipt

Case ID: 190400616

**KOVLER & RUSH, P.C.**
**BY: BRAD S. RUSH, ESQUIRE**
Atty. ID NO.: 72896
123 South Broad Street, Suite 2250
Philadelphia, Pennsylvania 19109
(215)735-5476

Filed and Attested by the
Office of Judicial Records
**Attorney for Plaintiffs** 15 MAY 2019 03:47 pm
M. RUSSO

| | | |
|---|---|---|
| **GENA ALULIS and** | : | **COURT OF COMMON PLEAS** |
| **PAUL ALULIS** | : | **OF PHILADELPHIA COUNTY** |
| | : | **CIVIL ACTION – LAW** |
| **v.** | : | |
| | : | |
| **THE CONTAINER STORE, INC.** | : | |
| **and** | : | No.: 190400616 |
| **BASE4 GROUP, INC.** | : | |

### PLAINTIFF'S REPLY TO NEW MATTER
### OF DEFENDANT, THE CONTAINER STORE, INC.

**AND NOW** comes plaintiffs, by and through their attorneys, Kovler & Rush, P.C. and replies to Defendant, The Container Stores, Inc's New Matter as follows:

32.     Denied.  It is denied that plaintiffs assumed the risk of all injuries which limits and/or bars all claims.

33.     Denied.  It denied that plaintiffs acted in a highly reckless manner which limits and/or bars all claims.

34.     Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

35.     Denied.  It is denied that plaintiffs' claim failed to state any cause of action against Answering Defendant upon which relief can be granted.

36.     Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

37.     Denied.  It is denied that plaintiffs' claims are barred because of an express or implied contract and/or release.

38.     Denied.  It is denied that plaintiffs' claims are barred because of improper service of process.

39.     Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

40.     Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

41.     Denied. It is denied that plaintiffs' claims are barred for failure to sue an indispensable party.

42.     Denied. It is denied that Answering Defendant owed no duty of care to plaintiffs.

43.     Denied. It is denied that Answering Defendant did not breach any duty to plaintiffs.

44.     Denied. It is denied that any alleged dangerous condition was open and obvious.

45.     Denied. It is denied that Answering Defendant had no knowledge or notice, either actual or constructive, of any alleged defect or condition as described in Plaintiffs' Complaint.

46.     Denied. It is denied that Answering Defendant did not design, fabricate, manufacture, distribute and/or resell the product as described in Plaintiffs' Complaint.

47.     Denied. It is denied that Answering Defendant did not design, fabricate, manufacture, distribute and/or resell the packaging for the product as described in Plaintiffs' Complaint.

48.     Denied. It is denied that Answering Defendant did not alter, modify, change or otherwise vary the product and/or packaging of the product as described in Plaintiffs' Complaint.

49.     Denied. It is denied that the defective packaging was caused by a third party over whom Answering Defendant had no control.

50.     Denied. It is denied that third parties, over whom Answering Defendants had no control, altered, modified, changed or otherwise varied the product and/or packaging of the product as described in Plaintiffs' Complaint.

51.     Denied. It is denied that the product was placed on the shelf and/or display in a safe condition and subsequently was handled by third parties over whom Answering Defendant had no control.

52.     Denied.   It is denied that plaintiffs misused the product as described in Plaintiffs' Complaint.

53.     Denied.   It is denied that plaintiffs' injuries, impairments, damages, expenses and/or losses are pre-existing in nature.

54.     Denied.   It is denied that plaintiffs' injuries, impairments, damages, expenses and/or losses were caused by a subsequent incident and were not proximately caused and/or aggravated by the incident.

55.     Denied.   It is denied that no omissions or conduct on the part of Answering Defendant contributed to plaintiffs' injuries, impairments, damages, expenses.

56.     Denied.   It is denied that plaintiffs' injuries, impairments, damages, expenses and/or losses were proximately caused in whole, or in part, by third parties, including plaintiffs, for whom Answering Defendant is not responsible.

57.     Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

58.     Denied. It is denied that Answering Defendant did not act negligently or carelessly in disregard of the rights of the plaintiffs.

59.     Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

60.      Denied.  It is denied that plaintiffs' claims for damages are excessive and unsupported.

61.     Denied.  It is denied that Answering Defendant acted in accordance with the applicable codes and state and federal laws.

62.     Denied.  It is denied that the conduct by the Answering Defendant was reasonable and within accepted trade practices and standards.

63.     Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

64.     Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

65.     Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

66.     Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

67.     Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

68.     Denied as a conclusion of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.

WHEREFORE, Plaintiffs, Gena Alulis and Paul Alulis, demand judgment in their favor against Defendants, The Container Store, Inc. and Base4 Group, Inc., individually and collectively, in the amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest, cost of litigation and delayed damages.

KOVLER & RUSH, P.C.

Date: 5·15-19          BY: _____

BRAD S. RUSH

Case ID: 190400616

<u>**V E R I F I C A T I O N**</u>

The undersigned, being duly sworn according to law, deposes and says that he is counsel for the party or parties indicated on the preceding pages as being represented by said counsel, that he has examined the pleading and the entire investigative file made on behalf of said party or parties, that he is taking this verification to assure compliance with the pertinent rules pertaining to timely filing of pleading and other documents described by said rules; and the facts set forth in the foregoing documents are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4940 relating to unsworn falsification to authorities.

**KOVLER & RUSH, P.C.**

Date: _____   BY: _____
**BRAD S. RUSH**
**Attorney for Plaintiffs**

Case ID: 190400616

KOVLER & RUSH, P.C.
BY: BRAD S. RUSH, ESQUIRE        **Attorney for Plaintiffs**
Atty. ID NO.: 72896
123 South Broad Street, Suite 2250
Philadelphia, Pennsylvania 19109
(215)735-5476

| | | |
|---|---|---|
| GENA ALULIS and | : | COURT OF COMMON PLEAS |
| PAUL ALULIS | : | OF PHILADELPHIA COUNTY |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | |
| THE CONTAINER STORE, INC. | : | |
| and | : | No.: 190400616 |
| BASE4 GROUP, INC. | : | |

## CERTIFICATE OF COMPLIANCE

I, Brad S. Rush, Esquire, attorney for Plaintiff, hereby certifies that this filing complies

with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania;

Case Records of the Appellate and Trial Courts that require filing confidential information and

documents differently than non-confidential information and documents.

                              KOVLER & RUSH, P.C.

Dated: 5/13/4          BY: _____
                                BRAD S. RUSH, ESQUIRE
                                Attorney for Plaintiffs