**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                      :
**GENA ALULIS and**                        :          **CIVIL ACTION**
**PAUL ALULIS**                              :
                                                      :          **No. 19-2564**
           **Plaintiffs,**          :
                                                      :
      **v.**                               :
                                                      :
**THE CONTAINER STORE, INC., et al.,**  :
                                                      :
          **Defendants.**          :
                                                      :
_____ :

**Goldberg, J.**                                                                    **May 20, 2020**

**MEMORANDUM OPINION**

       In this product liability case, plaintiffs, a husband and wife, have sued both the wholesaler and retailer of a magnetic knife strip for injuries allegedly caused by the knife strip's defective packaging. Before me is defendant wholesaler's motion to dismiss the Complaint. Because I lack personal jurisdiction over defendant wholesaler, the claims against it will be dismissed.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

       Defendant BASE4 Ventures, LLC ("BASE4"), the wholesaler of the alleged defective product, is a Texas-based limited liability company ("LLC"), whose members with an ownership interest in the LLC are Texas citizens, and whose principal place of business is also located in Texas. Defendant The Container Store ("Container Store"), the retailer of the product at issue, is a Texas-based corporation whose principal place of business is located in Texas. BASE4 acts as a wholesaler or a middleman between manufacturers and retailers by selling and distributing various home products, including the product at issue in this case, the Magnetic KNIFEstrip. BASE4 sold Magnetic KNIFEstrips to Container Store and shipped them from BASE4's Texas distribution

center to Container Store's warehouse in Texas. Container Store has many locations throughout the country, including in Pennsylvania, where the incident in question occurred.

Plaintiff Gena Alulis was shopping at Container Store's location in King of Prussia, Pennsylvania. While shopping and examining a Magnetic KNIFEstrip, the packaging containing the product allegedly malfunctioned and the KNIFEstrip fell onto her foot, causing a broken toe.

On April 3, 2019, Mrs. Alulis and her husband Paul Alulis (collectively, "Plaintiffs") filed this action in the Court of Common Pleas of Philadelphia County against both Container Store and BASE4, alleging negligence, strict product liability, breach of warranty, and loss of consortium.

BASE4 removed the case on June 13, 2019 and thereafter filed a motion to dismiss for lack of personal jurisdiction, improper venue, and, in the alternative, failure to state a claim for breach of warranty.[1] Both Plaintiff and Container Store oppose the motion and request that I grant jurisdictional discovery. In the alternative, Container Store argues that, if I find that I lack personal jurisdiction over BASE4, I should deem BASE4 an indispensable party and dismiss the entire action.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may seek dismissal of a complaint for lack of personal jurisdiction. "[O]nce the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Cateret Sav. Bank, FA v. Shushan, 954 F.2d 141, 144 n.1 (3d Cir. 1992). Plaintiff may do so through affidavits or jurisdiction competent evidence that show sufficient contacts with the forum state to establish personal jurisdiction. De Lage Landen Fin. Servs., Inc. v. Rasa Floors, LP, No. 08-0533, 2008 WL 4822033, at *3 (E.D. Pa. Nov. 4,

---

[1]     Because I will dismiss BASE4 for lack of personal jurisdiction, I need not reach the question of improper venue or failure to state a claim for breach of warranty.

2008).  Such contacts must be established with "reasonable particularity," but need only amount to a *prima facie* case in favor of personal jurisdiction.  Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987)).  If the plaintiff meets this burden, the defendant must then establish the presence of other considerations that would render jurisdiction unreasonable.  De Lage Landen Fin. Servs., 2008 WL 4822033, at *3 (citing Carteret Sav. Bank v. Shushan, 954 F.2d at 150).

Under Federal Rule of Civil Procedure 4(k)(1)(A), federal courts sitting in diversity can only exercise jurisdiction over the non-resident defendant to the extent permitted by the state's forum laws. See Martin v. Citizens Fin. Group, Inc., No. 10-260, 2010 WL 3239187, at *3 (E.D. Pa. Aug. 13, 2010).

Here, the forum state is Pennsylvania, thus necessitating the application of Pennsylvania's long-arm statute.  Pursuant to this statute, personal jurisdiction of Pennsylvania courts over nonresident defendants is permitted "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."  42 Pa. Cons. Stat. § 5322(b); see Mellon Bank, 960 F.2d at 1221 ("The Pennsylvania statute permits the courts of that state to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment.").  Therefore, a court need only inquire whether the exercise of personal jurisdiction over the defendant would be constitutional under the Due Process Clause. Mellon Bank, 960 F.2d at 1221.  Pursuant to these constitutional considerations, physical presence within the forum is not required to establish personal jurisdiction over a nonresident defendant. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998).  Instead, personal jurisdiction

may be based on either a defendant's general contacts ("general jurisdiction") or his specific contacts ("specific jurisdiction") with the forum.  Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001).

General personal jurisdiction is usually only exercised over companies in the state where their principal place of business is located and in the state in which they are incorporated. Daimler AG v. Bauman, 571 U.S. 117, 132 (2014).[2] A forum state has general personal jurisdiction over a defendant where the defendant is "essentially at home." Campbell v. Fast Retailing USA, Inc., No. 14-6752, 2015 WL 9302847, at *2 (E.D. Pa., Dec. 22, 2015) (quoting Daimler, 571 U.S. at 127). General personal jurisdiction requires "substantial, continuous and systematic contacts" with the forum state in order for a court in that state to exercise general personal jurisdiction over the defendant. Id.

Specific jurisdiction exists where the cause of action is related to or arises out of the defendant's contacts with the forum.  IMO Indus., 155 F.3d at 259 (citing Helicopteros de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)).  For the exercise of specific jurisdiction to comply with the Due Process Clause, a plaintiff must satisfy a three-part test.  Louis A. Grant, Inc. v. Hurricane Equip., Inc., No. 07-438, 2008 WL 892152, at *3 (W.D. Pa. Apr. 2, 2008).  First, the plaintiff needs to show that the defendant has "constitutionally sufficient 'minimum contacts' with the forum."  IMO Indus., 155 F.3d at 259 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).  Second, the plaintiff's claim must "arise out of or relate to those activities." Helicopteros, 466 U.S. at 414.  Third, the reviewing court should consider additional factors to ensure that the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'"  Burger King, 471 U.S. at 476 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320

---

[2]       The Daimler standard also applies to limited liability companies. See Finn v. Great Plains Lending, LLC, No. 15-4658, 2016 WL 705242, at *7 n. 3 (E.D. Pa. Feb. 26, 2016).

(1945)); <u>see also</u> <u>O'Connor v. Sandy Lane Hotel Co., Ltd.</u>, 496 F.3d 312, 317 (3d Cir. 2007) (enumerating the three elements of specific jurisdiction).

In order for a defendant's contacts with the forum to be constitutional, these contacts must be intentional, with the defendant purposefully availing itself to the privilege of conducting business in the state. <u>See</u> <u>J. McIntyre Machinery, Ltd. V. Nicastro</u>, 564 U.S. 873, 880 (2011). Purposeful availment ensures that defendants will not be haled into courts in states where their only contacts are "'random,' 'fortuitous,' or 'attenuated.'" <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. at 475 (1985) (<u>quoting</u> <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 774 (1984)).

The Supreme Court of the United States has developed a "stream of commerce" approach to the analysis of sufficient minimum contacts. <u>Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.</u>, 480 U.S. 102, 112 (1987). This theory allows courts to exercise specific jurisdiction over nonresident defendants who "inject" their goods into a forum state, even if indirectly. <u>See</u> <u>Penzoil Prods. Co. v. Colelli & Assocs., Inc.</u>, 149 F.3d 197, 200 (3d Cir. 1998).

The United States Court of Appeals for the Third Circuit has been reluctant to apply the stream of commerce theory to questions of specific personal jurisdiction. <u>See</u> <u>Shuker v. Smith & Nephew, PLC</u>, 885 F.3d 760, 780 (3d Cir. 2018); <u>see also</u> <u>Buckley v. Universal Sewing Supply, Inc.</u>, No. 1:19-cv-794, 2019 WL 5260365, at *3 (M.D. Pa., Oct. 17, 2019) ("While a majority opinion of the United States Supreme Court has never resolved whether the stream-of-commerce theory of personal jurisdiction is valid, the Third Circuit has rejected it."). Instead, the Third Circuit requires a plaintiff to demonstrate an act by the defendant to deliberately target the forum. <u>O'Connor</u>, 496 F.3d at 317.

III.   **DISCUSSION**

   **A.  Lack of Personal Jurisdiction**

The focus of the parties' dispute is whether I have specific personal jurisdiction over BASE4, who claims that it has no contacts with Pennsylvania.  In support of its motion, BASE4 attaches an affidavit from its Chief Operating Officer attesting that the business has no locations in Pennsylvania and that BASE4 is not registered to do business in Pennsylvania. The signed affidavit also states that BASE4 exclusively ships products to Container Store's warehouse in Coppell, Texas.

Both Plaintiffs and Container Store respond that BASE4 has sufficient minimum contacts with Pennsylvania because (1) its website advertises the sale of its products to many national retail chains that are accessible to Pennsylvania residents and (2) some of the retailers with which BASE4 partners, like Container Store, have Pennsylvania store locations.

Precedent from the Third Circuit reflects that, if a defendant intentionally targets the forum state with its website or knowingly conducts business with residents via its website, then the defendant has "purposefully availed" itself of the forum state's laws. See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452 (3d Cir. 2003). Whether the operation of a website constitutes sufficient minimum contacts with the forum state depends on the level of interactivity between the website and the residents of the intended forum state. See Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). But the "mere operation of a commercially interactive web site [sic] should not subject the operator to jurisdiction anywhere in the world." Toys "R" Us, Inc., 318 F.3d at 454. Indeed, efforts to exploit a national market that include Pennsylvania are not enough to purposefully avail oneself of Pennsylvania's laws. See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 104 (3d Cir. 2009). The Third Circuit has made

6

clear there needs to be an intentional targeting or knowing level of interaction with residents of the forum state in order to establish sufficient minimum contacts. See Flipside Wallets LLC v. Brafman Group Inc., No. 19-5356, 2020 WL 1330742, at * 3 (E.D. Pa., Mar. 19, 2020) (quoting Toys "R" Us, Inc., 318 F.3d at 454).

Here, while Plaintiffs and Container Store contend that BASE4's website demonstrates sufficient minimum contacts with Pennsylvania, they offer no evidence of the level of interaction between BASE4 and Pennsylvania residents through the website or that the website specifically targets Pennsylvania customers in any way. In fact, Plaintiffs and Container Store state only that the website is accessible to Pennsylvania residents and that BASE4 "advertise[s]" on its website that its products are available at national retailers with Pennsylvania store locations. (Container Store Opp., ECF No. 10, at 15; Pl.'s Opp., ECF No. 11-3, at 15.) These bare allegations are insufficient to meet Plaintiffs' burden of demonstrating BASE4's constitutionally sufficient minimum contacts with Pennsylvania.

And even if BASE4's website established minimum contacts sufficient for BASE4 to have purposefully availed itself of Pennsylvania's laws, Plaintiffs fail to establish that their causes of action arose from or are at least related to BASE4's contacts with Pennsylvania. See D'Jamoos ex rel. Estate of Weingeroff, 566 F.3d at 102. There are no facts offered to support that Plaintiff Gena Alulis's injury at Container Store arose from or relates to BASE4's alleged contacts with Pennsylvania through its website.

Container Store urges that I apply the Supreme Court's reasoning in Bristol-Myers Squibb, where the Court allowed the exercise of personal jurisdiction over a non-resident manufacturer. Container Store's reliance on Bristol-Myers Squibb is misplaced. In Bristol-Myers Squibb, the defendant corporation had significant contacts with the forum state: it had five research and

laboratory facilities in the forum state, over 400 employees at the laboratories as well as sales representatives, and it maintained a lobbying office in a city within the forum state. Id. at 1778. No such contacts exist here. Moreover, contrary to what Plaintiffs and Container Store appear to argue here, the Court in Bristol-Myers Squibb was clear that a contract between a nonresident defendant and an in-state distributor alone is not sufficient to establish personal jurisdiction. Id. at 1777 ("The bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the state.").

In an attempt to remedy the above-identified deficiencies, Plaintiffs and Container Store, request jurisdictional discovery. If a plaintiff is able to state, "with reasonable particularity," facts to suggest that personal jurisdiction could exist, then courts may allow jurisdictional discovery. Flipside Wallets LLC v. Brafman Group Inc., No. 19-5356, 2020 WL 1330742, at * 3 (E.D. Pa. Mar. 19, 2020). However, courts will deny this request if it is "clearly frivolous." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009).

Plaintiffs and Container Store both contend that, because BASE4 had "major programs" with retailers who have stores in Pennsylvania, these programs could lead this Court to exercise personal jurisdiction over BASE4 and, therefore, warrant jurisdictional discovery. Yet, this allegation alone is insufficient to state with reasonable particularity that personal jurisdiction over BASE4 could exist, and Plaintiffs and Container Store provide no factual basis to support this conclusion.

Specifically, Container Store and Plaintiffs state no facts to support that Container Store was one of the retailers with which BASE4 had "major programs." Container Store and Plaintiffs also fail to provide any information regarding the parameters of these "major programs" and how they could result in targeted contacts with Pennsylvania. As such, I conclude that jurisdictional

discovery would be futile to establish specific personal jurisdiction, because, even if BASE4 had "major programs" with other retailers, this information would fail to establish minimum contacts with Pennsylvania from which the lawsuit arose.

Plaintiffs and Container Store also fail to state with reasonable particularity that BASE4's "major programs" with other retailers could be sufficient to establish general jurisdiction. As discussed above, BASE4 has no locations in Pennsylvania and is not registered to do business in Pennsylvania. Pennsylvania could only exercise general jurisdiction in the "exceptional case" case where BASE4's contacts with Pennsylvania were so "continuous and systematic as to render it essentially at home" in Pennsylvania. Flipside Wallets LLC, 2020 WL 1330742, at *4 (internal quotation marks omitted). Plaintiffs and Container Store offer no information as to whether these "major programs" with retailers could show "substantial, continuous and systematic contacts" sufficient to render BASE4 essentially at home in Pennsylvania and, therefore, warrant jurisdictional discovery to establish general personal jurisdiction.

For these reasons, I deny the request to conduct jurisdictional discovery.

### B.  Necessary and Indispensable Party

Container Store argues, in the alternative, that, if I find that I lack personal jurisdiction over BASE4, then I should dismiss the entire case because BASE4 is an indispensable party. Federal Rule of Civil Procedure 19 governs this analysis and requires two steps: first, I must examine whether joinder of the party is necessary under Rule 19(a) and, second, I must analyze whether the party is indispensable to the action under Rule 19(b). See Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007).

Under Rule 19(a), a necessary party is one that, "in that person's absence, the court cannot accord complete relief among existing parties . . . ." Fed. R. Civ. P. 19(a). In other words, the court must determine if the prevailing party would receive "hollow" relief if the party at issue were

absent in the litigation. <u>Angst v. Royal Maccabees Life Ins. Co.</u>, 77 F.3d 701, 705 (3d Cir. 1996). Under Rule 19(a)(1)(B)(ii), a party is necessary if its absence would leave another party "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a)(1)(B)(ii); <u>see also</u> <u>Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel, Known as The Sindia</u>, 895 F.2d 116, 122 (3d Cir. 1990). Rule 19 is designed to protect parties from a "substantial" risk of multiple or inconsistent obligations. <u>Sindia Expedition, Inc.</u>, 895 F.2d at 122. It also serves judicial economy by preventing multiple litigations. <u>Id.</u>

Here, I conclude that BASE4 is not a necessary party under Rule 19(a). It is well-established that not all joint tortfeasors must be joined as defendants in a single lawsuit. <u>See Temple v. Synthes Corp. Ltd.</u>, 498 U.S. 5, 7 (1990); <u>see also</u> <u>Massaro v. Board Access Sys., Inc.</u>, 209 F.R.D. 363, 366 (E.D. Pa. 2002). The Advisory Committee Notes to Rule 19 support this reasoning and state: "[i]t should be noted particularly . . . that the description is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is *merely a permissive party to the action against another with like liability*." Advisory Committee's Note to Fed. R. Civ. P. 19(a) (emphasis added). "The mere fact . . . that Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party." <u>Janey Montgomery Scott, Inc. v. Shepard Niles, Inc.</u>, 11 F.3d 399, 409 (3d Cir. 1993) (quoting <u>Pujol v. Shearson/Am. Express, Inc.</u>, 877 F.2d 132, 136 (1st Cir. 1989)). Therefore, although BASE4 and Container Store may be joint tortfeasors, I find that relationship to be insufficient to conclude that BASE4 is a necessary party to this action under Rule 19(a).

Even setting aside the necessary party requirement, I conclude for additional reasons that BASE4 is not an indispensable party. Under Rule 19(b), "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). There are four considerations that a court must weigh in making an indispensable party determination: "(1) plaintiff's interest in selecting the forum; (2) defendant's interest in avoiding multiple litigation, inconsistent relief or sole liability for a responsibility shared with others; (3) the interest of the absent yet necessary parties; and (4) the interest of courts and the public in complete, consistent and effective settlement of controversies." Fed. Deposit Ins. Corp. v. Bell, 677 F. Supp. 279, 283 (M.D. Pa. 1987). "The party raising the defense of failure to join an indispensable party has the burden to show that the person who is not joined is needed for just adjudication." Pasternak v. Burns, No. 06-1818, 2007 WL 2323128, at *2 (E.D. Pa., Aug. 9, 2007) (quoting Fed. Deposit Ins. Corp., 677 F. Supp. at 283). If a party is indispensable, then the action cannot go forward. Janney Montgomery Scott, Inc., 11 F.3d at 404.

In Pol v. Smith Provision Co., the court found that the defendant manufacturer was not an indispensable party in in a products liability case brought by a plaintiff who sued both the distributor and manufacturer of a hot dog after she found metal shards in it. No. 19-102, 2020 WL 924206, at *3 (W.D. Pa., Feb. 26, 2020). In Pol, the distributor contended that, because its defense was that the manufacturer was the entity that placed metal in the hot dog, giving rise to strict product liability claims, the manufacturer was both a necessary and indispensable party. Id. The court disagreed, finding that, because the suit could continue without the manufacturer and the distributor would have the right to recover from the manufacturer if the distributor was found to

be liable, the four factors under Rule 19(b) favored a finding that the manufacturer was not an indispensable party. Id.

Like the manufacturer in Pol, the Rule 19(b) factors do not support BASE4 being an indispensable party in this case. Neither the rights of Container Store will be adversely affected by BASE4's exclusion from the suit nor will Container Store lose its ability to recover from BASE4 if Container Store is found liable. And Plaintiffs, who are citizens of Pennsylvania, have a significant interest in the forum they have selected.

**IV.   <u>CONCLUSION</u>**

For the foregoing reasons, BASE4's Motion to Dismiss for Lack of Personal Jurisdiction is granted.

An appropriate Order follows.